**FOLSOM et ux. v. MID-CONTINENT LIFE INS. CO. et al.**

No. 11977—Opinion Filed Oct. 23, 1923.

Rehearing Denied Dec. 18, 1923.

**1. Pleading — Sufficiency on General Demurrer.**

A general demurrer admits the truth of all the facts well pleaded in the petition, and the petition must be liberally construed and all such facts must be taken as true for the purpose of the demurrer, and where a pleading states facts upon which the pleader is entitled to any relief, under the law, a general demurrer to the same should be overruled.

**2. Mortgages — Foreclosure — Order of Sale — Requisites.**

In order to enforce a decree of foreclosure of a mortgage upon real estate, it is necessary under our Code that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff, under the seal of the court and signed by the court clerk and dated the day it is issued.

**3. Same — Defective Order — Invalid Sale.**

The provision of article 7, section 19, of the Constitution of Oklahoma, that the style of all writs and processes shall be "The State of Oklahoma," is mandatory, and an order of sale upon a decree of foreclosure of a mortgage upon real estate not running in the name of the "State of Oklahoma" to the sheriff is void, and will not support a sheriff's sale made thereunder.

**4. Same — Amendment After Sale Not Allowable.**

An order of sale not running in the name of the "State of Oklahoma" is a nullity, and is such a fatal defect that no amendment can be permitted thereof after the sale.

**5. Same — Effect of Order of Confirmation.**

It is not required on motion for confirmation to look into the judgment or execution further than is necessary to determine whether the officer has properly performed his duty under the writ, nor permitted to decide upon the legality of either. The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular and a direction to the sheriff to complete the sale. If the execution is irregular or unauthorized by law, the defendant has his remedy by motion to set it aside, or if it is void, by controverting the title made under it.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action by the Mid-Continent Life Insurance Company, a corporation, against Robert Folsom, Alice Folsom, and the Graves Farm Loan Investment Company, a corporation. Judgment for plaintiff, and for the Graves Farm Loan Investment Company sustaining demurrer to the petition of Robert Folsom and Alice Folsom to vacate and set aside order of sale and sheriff's deeds. Reversed.

Rainey & Flynn, Calvin Jones, and Curry & Stigler, for plaintiffs in error.

Keller & Malcolm, E. D. Means, Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for defendants in error.

Opinion by THOMPSON, C. This action arose in the district court of Haskell county, Okla., by one of the defendants in error, the Mid-Continent Life Insurance Company, a corporation, filing its petition against Robert Folsom and Alice Folsom, plaintiffs in error, and the Graves Farm Loan Investment Company, a corporation, to recover judgment on notes executed by Robert Folsom and Alice Folsom, and to foreclose a mortgage given to secure said indebtedness, on the following described lands: The N. E. 1/4 of the N. E. 1/4 of section 22, and the N. W. 1/4 of the S. W. 1/4, and the S. W. 1/4 of the N. W. 1/4 and the W. 1-2 of the S. E. 1-4 of the N. W. 1-4 of section 23, township 10 north, range 20 east,—and against the Graves Farm Loan Investment Company, which held mortgages upon the same land to secure indebtedness of the Folsoms to it

The plaintiffs in error, Robert Folsom and Alice Folsom, filed their answer and cross-petition against the Graves Farm Loan Investment Company, and the Graves Farm Loan Investment Company filed its separate answer and cross-petition, and

upon these issues the court pronounced judgment on the 8th day of February, 1918, by default against Robert Folsom and Alice Folsom for the amount of the debt of defendant in error, Mid-Continent Life Insurance Company, and for the foreclosure of the mortgage, and the court further found an indebtedness due from the Folsoms to the Graves Farm Loan Investment Company, and for foreclosure of its mortgages to satisfy said judgment. Orders of sale were issued and the property sold by the sheriff of Haskell county. The sale was confirmed and sheriff's deeds issued to the purchaser.

On the 13th day of April, 1920, Robert Folsom and Alice Folsom filed, in this action, their petition to vacate the judgment, foreclosure, and sale of the lands, setting up in said petition the different pleadings, and the judgment of the court, and the action of the court in pronouncing judgment by default without any evidence taken, and other matters not necessary to be recited for a decision in this case. They allege, as their additional reasons for vacating and setting aside the sale and confirmation of sale and sheriff's deeds, that no praecipe was filed, or request made, according to law, for the issuance of the orders of sale, that said orders of sale were null and void, for the reason that they do not run in the name of the state of Oklahoma, were not directed to the sheriff of Haskell county, Oklahoma, did not have the seal of the court clerk of Haskell county thereon, and that the land was sold without notice as required by law, and without notice to the complainants, either actual or constructive, and was not sold at the time or place designated in any pretended notice issued under said pretended order of sale, and was sold for less than one-half fair cash market value thereof, and that within a few minutes after said pretended sale, under said pretended order of sale, the plaintiff, Mid-Continent Life Insurance Company, and defendant Graves Farm Loan Investment Company, without notice to them, filed immediately a pretended motion for the confirmation of said pretended sale, and procured from the court a pretended confirmatory order, or orders, of pretended sale, and that the sheriff executed his deeds to the plaintiff and the Graves Farm Loan Investment Company, and that the lands had been transferred by various assignments to Thurman Jones, E. R. Bryant, William Sharp, and Harvey Sammons, all of whom had full knowledge of the facts set up in this petition to vacate, and prayed that the sale of the lands and the orders confirming same, and the sheriff's and other deeds be canceled, vacated, and set aside, and the sheriff be ordered and directed to reconvey said lands to them, and for general relief, either in law or equity. Copies of all the pleadings, orders, notices, and deeds are attached to the petition as exhibits.

To this petition to vacate and set aside, the defendants in error file their separate general demurrers for the reason that the petition does not state facts sufficient to constitute a cause of action in favor of the petitioners and against the respondents.

After a hearing upon said demurrers, the court sustained the demurrers, and petitioners excepted thereto, and declined to plead further, but stood on allegations of their petition, and the cause comes regularly on appeal to this court by the plaintiffs in error upon the order of the trial court sustaining the demurrers and dismissing their petition.

This appeal was lodged in this court on the 27th day of December, 1920, and on July 13, 1923, an application by plaintiffs in error was filed in this court, setting forth that in the latter part of May, or the first of June, 1923, the defendants in error had applied to the trial court for another order of sale in this case, and the same was issued out of the court, and the sale set for the 17th day of July, 1923, and asking that said order of sale be vacated, and upon said application this court issued an order on the 13th day of July, 1923, suspending further proceedings to enforce the judgment, and stayed and suspended any further proceeding looking to the sale of the property on the said 17th day of July, 1923, and that, thereafter, on the 16th day of July, 1923, this court modified the foregoing order and permitted the sale to proceed on condition that the application for an order of the district court confirming the sale to be made on the 17th day of July be suspended for a period of 60 days, or for such further time as may pe necessary for the Supreme Court of this state to decide the controversy involved in this appeal. The above application and orders are part of the records of this court in this case.

All authorities agree that where a pleading states any fact upon which the pleader is entitled to any relief under the law, a general demurrer should be overruled, and it is the duty of the court, in considering a general demurrer, to apply the law to the facts stated in the petition, and if upon applying the law to the facts so pleaded, the petition states a cause of ac-

tion, then it is reversible error for the court to sustain such demurrer. A demurrer admits the truth of all the facts well pleaded, and the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer. Where a pleading states facts upon which the pleader is entitled to any relief, under the law, a general demurrer to the same should be overruled. Schreiner v. City National Bank, 76 Okla. 76, 183 Pac. 905; Nale v. Herstein et al., 84 Okla. 35, 202 Pac. 284; Bush v. Mo. State Life Ins. Co., 86 Okla. 182, 207 Pac. 317; Threadgill v. Board of Education, 85 Okla. 121, 204 Pac. 1100.

The demurrer to this petition being in the nature of a general demurrer, the above rules of construction must be applied to the petition of plaintiffs in error to vacate and set aside the sale in this action.

We have examined carefully the records in this action and we find that the orders of sale issued in this cause, are alleged to have been issued, and are, without the words, "The State of Oklahoma," as provided by article 7, sec. 19, of the Constitution of the state of Oklahoma, which provides:

"The style of all writs and process shall be, 'The State of Oklahoma.'"

We further find that said orders of sale were not directed to the sheriff of Haskell county, and that the same did not bear the seal of the court clerk, and, it is alleged in the petition to vacate, that the sale was not made at the time and place designated in the notice of sale; that the sheriff made his return on the same day and date of the sale, and immediately on the same day and date, on application of the defendants in error, the court confirmed said sale, without any notice to the plaintiffs in error, and that they had no opportunity to contest said sale or order of confirmation.

Section 691, Comp. Stats. 1921, provides:

"Executions shall be deemed process of the court and shall be issued by the clerk and directed to the sheriff of the county."

Section 862, Comp. Stat., 1921, provides:

"The style of all process shall be: 'The State of Oklahoma.' It shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and dated the day it is issued."

This statute was adopted from the state of Kansas, and the Supreme Court of the state of Kansas has held that this statute must be complied with (41 Kan. 281), and should be under the seal (13 Kan. 80).

In the case of Gordon et al. v. Bodwell et al., 59 Kan. 51, 51 Pac. 906, it was held:

"The provisions contained in section 1 of article 3 of the Constitution, that 'All courts of record shall have a seal to be used in the authentication of all process,' is mandatory; and an order of sale issued without the seal of the court is void, and the court has no power, after a sale made thereunder, to allow the process to be amended by attaching the seal."

Section 670, Comp. Stat. 1921, provides, among other things, in the judgment and foreclosure suit, that:

"The court shall tax the cost, attorneys fees and expenses, which may accrue in the action, and apportion the same among the parties according to their respective interests to be collected on the order of sale, or sales, issued thereon."

In the case of Price et ux. v. Citizens' State Bank, 23 Okla. 723, 733, 102 Pac. 800, this court held:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of court." See, also, 67 Kan. 302, 72 Pac. 861.

In the case of Johnson v. Taylor, 68 Okla. 229, 173 Pac. 1039, this court held, in the body of the opinion:

"That an order of sale in a foreclosure proceeding is a form of special execution appears reasonably certain from sections 5128, 5162, and 5216 of R. L. of 1910. This view of the law was announced in Price v. Citizens' State Bank, 23 Okla. 723, 102 Pac. 800, Richmond v. Robertson et al., 50 Okla. 635, 151 Pac. 203, and Martin v. Hostetter et al., 59 Okla. 246, 158 Pac 1178. In the latter case it was held necessary, under our procedure, in order to enforce a decree of foreclosure of a mortgage upon real estate, that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff of the county."

Then, under the statute law of this state and the decisions above quoted, the orders of sale are necessary in foreclosure proceedings of this character and are process of the court, as contemplated by the statute, and are special executions, and under the Constitution of this state and the statute law of this state such executions must run in the name of the state of Oklahoma, and under the plain provisions of the statute must be directed to the sheriff of the county in which the lands sought to be foreclosed are located, otherwise the Constitution and statute law is a nullity, and, in the case of Martin v. Hostetter et al., 59 Okla. 246, 158 Pac. 1174, where this ques-

tion was raised upon the application for an order to confirm the sale, this court held:

"In order to enforce a decree of foreclosure of a mortgage upon real estate it is necessary under our Code that a special execution or order of sale issue from the office of the clerk of the district court to the sheriff.

"The provision of article 7, section 19, of the Constitution of Oklahoma, that the style of all writs and processes shall be 'The State of Oklahoma' is mandatory, and an order of sale upon a decree of foreclosure of a mortgage upon real estate not running in the name of the 'State of Oklahoma' to the sheriff is void, and will not support a sheriff's sale made thereunder."

This being a direct attack in the same action, the plaintiffs in error had the right to file this petition to set aside the sale when these defects appeared in the process, and this court, in the case of Martin v. Hostetter et al., supra, in the body of the opinion, held:

"That the order of sale not running in the name of the state of Oklahoma was a nullity and was such a fatal defect that no amendment could be permitted thereof after the sale."

And further held that the provisions of the Constitution of Oklahoma were mandatory and the order of sale was void and did not support a sheriff's sale made thereunder, and, while it is true that this question was raised in the above case when the sale was presented for confirmation, we are of the opinion that where, as in this case, the orders of sale do not run in the name of the state of Oklahoma, are not directed to the sheriff of the county in which the lands were located, and do not bear the seal of the court clerk who issued the execution, the orders of sale were void, and, in the language of the case above cited, "will not support a sheriff's sale made thereunder," where a direct attack is made either before or after confirmation by the court, and that the same is void and not voidable, and no rights can accrue to the purchasers thereunder, who have full knowledge of these facts. The statute of this state, upon the questions involved, was taken bodily from the state of Kansas, and had been construed by the Supreme Court of Kansas before it was adopted here, and the Kansas Court, in the case of Kohler v. Ball, 2 Kan. 166, held, in reference to the action of the court in making its order of confirmation in cases of this character, as follows:

"It is not required on motion for confirmation to look into the judgment or execu-

tion farther than is necessary to determine whether the officer has properly performed his duty under the writ, nor permitted to decide upon the regularity of either. The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular and a direction to the sheriff to complete the sale. If the execution is irregular or unauthorized by law the defendant has his remedy by motion to set it aside or if it is void, by controverting the title made under it."

This principle was reaffirmed in the case of Challiss v. Wise, 2 Kan. 192, and again in White Crow v. White Wing, 3 Kan. 276.

The language of each of the confirmation orders of sale in this case is as follows:

"The court having examined the proceedings of said sheriff under said order of sale finds that the same has been performed in all respects in conformity to law"

—and only decided that the "proceedings" of the sheriff under the orders of sale are in conformity to law, but does not pass upon nor adjudicate the question of whether or not the orders of sale are regular, legal, or in conformity with the Constitution and laws of this state.

The case of Carter v. Hyatt, 76 Kan. 304, relied upon by defendants in error, was decided after the statute of Kansas, which we have here, had been amended by the Kansas Legislature, and is therefore not controlling here.

Our court having decided in the case of Martin v. Hostetter et al., supra, that the orders of sale were void, and the action of the court in confirming said sale did not decide upon the legality of the orders, as held in the Kansas case of Kohler v. Ball, and other cases, supra, such action of the court was not final, and was not an adjudication as to the regularity or legality of the special execution, as such orders are defined to be.

Having found that the orders of sale or special executions are void, the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, is applicable, where the principle is disposed of as follows:

"A judgment which is void upon its face and requires only an inspection of the judgment roll to demonstrate its want of validity is a 'dead limb upon the judicial tree which may be lopped off at any time'; it can bear no fruit to the plaintiff but is a constant menace to the defendant and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby.' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by the limitation of time."

To the contention of defendants in error that the plaintiffs in error should offer to redeem the property or pay what is due under the mortgages we cannot agree, under the alleged facts and under the state of the record in this case, and we do not think the case of Whitehead v. Stevens, 54 Okla. 337, 152 Pac. 445, has any application to a void sale, as the decision in that case is based upon an entirely different state of facts.

While we do not base our decision upon the fact that the defendants in error, since the filing of this appeal, have secured new orders of sale and proceeded to resell the property, this fact is very persuasive on this court that they are not very strongly convinced that the sale complained of here, consummated under the conditions, was valid.

Then, based upon the Constitution and statutes, and decisions of the state and decisions of the Kansas Supreme Court, construing the statute applicable to this case, we are of the opinion that the petition to vacate in this cause stated a cause of action, and that the trial court erred in sustaining the general demurrer to the petition of plaintiffs in error, and the judgment of the trial court in sustaining the demurrer to the petition and dismissing the petition of plaintiffs in error should be and is hereby reversed and remanded, with instructions to the trial court to overrule the demurrers.

By the Court: It is so ordered.