### GRIGGS et al. v. BRANDON et al.

No. 18184. Opinion Filed May 15, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

1. **Judgment—Judicial Sales—Enforcement Though Judgment Erroneous, Where not Superseded.**

Though a judgment be erroneous, it is the act of the court, and unless superseded, until reversed, constitutes sufficient justification for all acts done in its enforcement.

2. **Execution—On Motion to Confirm Sale Regularity of Judgment not Inquired into.**

On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale and is not required to go behind the execution and look into the regularity of the judgment.

Error from District Court, Tulsa County; C. S. Walker, Judge.

From an order confirming sale of real estate under execution in favor of John R. Brandon et al., Franklin H. Griggs and Flora H. Griggs bring error. Affirmed.

Franklin H. Griggs, for plaintiffs in error.

Abbott & Rodolf, for defendants in error.

MASON, V. C. J. The Tulsa Building & Loan Association brought an action against Franklin H. Griggs and Flora H. Griggs, husband and wife, to foreclose a mortgage held by it on certain real estate held in the name of Franklin H. Griggs. Answer was filed by the defendants.

Sometime after the filing of the foregoing action, John R. Brandon, Alexander Gordon, and Donald W. Waddell, copartners doing business under the firm name and style of Brandon, Gordon & Waddell, brought an action against Franklin H. Griggs to foreclose a paving tax lien against said property to which the city of Tulsa and the Tulsa Building & Loan Association were made parties, the city having issued a tax certificate on which the action was based.

To this petition a demurrer was interposed by the defendant Franklin H. Griggs, and while it was pending the two actions were consolidated on motion of the Tulsa Building & Loan Association. Thereafter, said demurrer came on for hearing and was overruled and the defendant was given 20 days to answer. The defendant gave notice of his intention to appeal to the Supreme Court. Time to make and serve, as well as suggest amendments, and settle the case-made was given, and 20 days was also given in which to file supersedeas bond.

Neither answer nor supersedeas bond was filed, and thereafter the consolidated cause came on for hearing, at which time the Griggses failed to appear and were adjudged in default. Judgment was rendered foreclosing both the mortgage lien and the pavement tax lien, and the latter was declared to be superior and prior to the mortgage lien. Said property was ordered sold to satisfy the lien of Brandon, Gordon & Waddell, and the court further found and adjudged that, in view of the fact that the mortgage of the loan association contained the words "appraisement waived," no order of sale could issue upon the judgment of the loan association for a period of six months from the date of said judgment.

Thereafter, upon the motion of counsel for Brandon, Gordon & Waddell, order of sale was issued, by the terms of which the sheriff was directed to have said property appraised and to sell the same to satisfy the lien of Brandon, Gordon & Waddell, the proceeds to disbursed: (1) To payment of the costs of said sale and of the action; (2) payment to the plaintiffs, Brandon, Gordon & Waddell, of the amount of their judgment, interest, and attorney's fee; (3) payment

to the Tulsa Building & Loan Association of its judgment.

Said property was duly advertised and sold to the Tulsa Building & Loan Association for $3,700, which paid the costs and paid the lien of Brandon, Gordon & Waddell, and the balance was credited on the judgment of the Tulsa Building & Loan Association.

The plaintiffs, Brandon, Gordon & Waddell, filed motion to have said sale confirmed, and on the same day the defendants, Franklin H. Griggs and Flora H. Griggs, filed their objections thereto. No question was raised as to the regularity of the proceedings of the officer, but the only attack made was the validity of the order consolidating said cases; the validity of the judgment and the validity of the order of sale because it was issued within six months after the judgment was rendered. Such objections were overruled and the sale was confirmed, and the defendants appeal.

For reversal, it is first urged that the court erred in consolidating said causes for the reason that Flora H. Griggs was not a party to the action for foreclosure of the pavement tax lien and the city of Tulsa was not a party to the other action. The record does not disclose that any objection was made to such consolidation, and no appeal was perfected from the judgment rendered. Therefore, assuming that the consolidation was improper and the judgment rendered was erroneous, yet it is the act of the court, and until reversed, unless superseded, constitutes a sufficient justification for all acts done in its enforcement. State National Bank v. Ladd, 65 Okla. 14, 162 Pac. 684.

Counsel also urge that the judgment was void because Flora H. Griggs was not a party to the tax lien and was never served with process therein, although the judgment ran against both defendants. Both Mr. and Mrs. Griggs were parties to the mortgage foreclosure suit and were served with process and a personal judgment was rendered against them, but the judgment in favor of Brandon, Gordon & Waddell does not appear to be a personal judgment, but merely a decree establishing a lien and ordering the property sold to satisfy it. The record title to the property was in Mr. Griggs, and therefore, Mrs. Griggs was not a necessary party to the latter action and could not be affected by the judgment rendered.

It is next insisted that the trial court erred in confirming said sale for the reason

that the order of sale was issued within six months after the date of the judgment. The order of sale was not issued upon the judgment for foreclosure of the mortgage, but to satisfy the judgment foreclosing the paving lien, and there is no limitation to this judgment with reference as to when the plaintiffs, Brandon, Gordon & Waddell, might have the property sold to satisfy their lien; the only limitation being that the sale should be with appraisement. There was no inhibition against such an order of sale made after appraisement. Therefore, the contention of counsel is without merit.

In Kline v. Evans, 103 Okla. 44, 229 Pac. 427, this court held that the questions entering into or relating to the judgment are not matters for consideration in a hearing on confirmation of sale of real estate, but only those questions relating to or pertaining to the proceedings in the sale that are proper for consideration.

In Brazell v. Brockins, 95 Okla. 38, 217 Pac. 847, we announced the rule as follows:

"On a motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale and is not required to go behind the execution and look into the regularity of the judgment."

From the foregoing, we conclude that the judgment of the trial court, confirming said sale, was proper and the same is, therefore, affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 34 C. J. p. 508, §810. (2) 23 C. J. p. 663, §644; 16 R. C. L. p. 91 et seq.; 4 R. C. L. Supp. p. 1043.