**MILLARD et al. v. NELSON.**

No. 19154. Opinion Filed Oct. 8, 1929.

H. T. Walker, for plaintiffs in error.

Homer Baughman, for defendant in error.

LEACH, C. H. B. Nelson, who is the defendant in error here, as plaintiff below, obtained a personal judgment in the district court of Muskogee county on December 9, 1925, against Sam H. Millard, S. M. Twine et al. on a promissory note and further judgment against the defendants, including Alice Milard, for foreclosure of a real estate mortgage securing the note. Personal service of summons was had on the defendants Millard, who filed a motion to quash the summons, which motion was overruled and they filed their answer, a general denial, in the cause.

The record shows that service of summons was had on the defendant Twine by delivery of a copy of the summons to his wife at his usual place of residence in Muskogee and default judgment was taken against him for failure to plead.

On October 9, 1926, the defendants Millard filed their motion in the cause to quash or stay an execution or order of sale which had been issued pursuant to judgment, such motion being based on the ground that the execution was issued within less than six months of the date of the filing of the journal entry in the cause; that they had no notice of the rendition of the judgment until the filing of the journal entry, and therefore had not had sufficient opportunity to satisfy the same; and alleged that if they were given six months from the date of filing of the journal entry, they would be able to and would satisfy the judgment.

At a hearing on such motion, the defendant Twine testified on behalf of the movants, and the trial court there directed that the order of sale be set aside and the movants

given six months from July 27, 1926, the date of the filing of the journal entry in which to satisfy the judgment.

Thereafter, on June 5, 1927, the judgment not having been satisfied, a second order of sale was issued, and the real estate involved was sold thereunder, and the defendants Millard and S. M. Twine, filed their objection to confirmation of the sale on the grounds that the court never had jurisdiction over the persons of the defendants, that the defendant Twine was not a resident of the state of Oklahoma at the time of the delivery of a copy of the summons as was shown by the officer's return, and that the property sold was reasonably worth $16,000, and that it only brought a little more than one-fourth its value.

The court overruled the objections and confirmed the sale from which order and judgment the defendants Millard and Twine bring this appeal, and file herein their joint petition in error setting forth several alleged grounds for reversal.

In the brief filed by the plaintiffs in error, it is said:

"There is only one question involved in the appeal: Did the court have jurisdiction to render the judgment? If it did, the judgment should be affirmed"

—and the argument and authorities therein are addressed to the question of whether the defendant Twine was properly served with summons in the cause, it being contended that he was not a resident of the state at the time a copy of the summons was delivered to his wife in Muskogee.

If it had been necessary to specifically find and hold that the defendant Twine had been legally served with Summons in the cause in order to confirm the sale, we think there was sufficient evidence in the record to sustain the trial court in so holding, but the trial court made no specific findings of fact or conclusions of law in overruling the objections and confirming the sale. Its order thereon was general, and we are not advised whether the court considered the question here presented, nor does it appear that it was necessary to do so under the holdings and rule announced in the cases hereafter referred to.

In the case of Brazell v. Brockings, 95 Okla. 38, 217 Pac. 847, the defendant filed objections to the confirmation of sale of his property under execution on the ground that the judgment was void because no summons had been served on him, and alleged that he had not entered or authorized any attorney to enter an appearance in the case for him, and offered testimony to support such motion, which proffered testimony was excluded and denied by the trial court, and this court sustained the action of the trial court, and in the syllabus said:

"On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceeding on the sale, and is not required to go behind the execution and look into the regularity of the judgment.

"On a hearing upon motion to confirm sale of real estate under execution and objections thereto, evidence offered to show that the recitation of the judgment that the defendant had appeared by his attorneys was not true, and that the defendant had not been served with summons or entered an appearance in the case was inadmissible."

That case was cited with approval and followed in the later case of Griggs v. Brandon, 132 Okla. 180, 269 Pac. 1052, and a similar rule therein announced. Under such authority the trial court in the instant case was not required to go behind the execution and look into the regularity of the judgment under which it was issued.

Furthermore, it will be observed that the objections to the sale set up nonjurisdictional grounds, as well as jurisdictional, in that the motion alleged that the real estate was sold for an inadequate price and evidence was introduced in support thereof.

It was said in Morgan v. Karcher, 81 Okla. 210, 197 Pac. 433:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance as though said appearance had been made at the trial."

"A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal." State ex rel. Com'rs of Land Office v. Wilson, 124 Okla. 236, 254 Pac. 968.

We find no error in the action of the trial court in overruling the objections to the confirmation of the sale, and are of the opinion that the sale was properly approved.

The judgment of the trial court is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

**58**

Note—See "Appeal and Error,," 4 C. J. §2822, p. 839, n. 21. "Executions," 23 C. J. §644, p. 662, n. 85. "Judicial Sales," 35 C. J. §66 ½, p. 47, n. 83; §155, p. 96, n. 30.