## BURTON et al. v. MEE.

No. 20492. Opinion Filed Oct. 20, 1931.

Harlan T. Deupree and Erwin & Erwin, for plaintiffs in error.

H. A. Wilkinson and M. G. Meister, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Oklahoma county by defendant in error, Robert Mee, against the plaintiffs in error, Henry Burton, Harlan T. Deupree, and Erwin & Erwin, a partnership composed of P. D. Erwin and Walter C. Erwin, and against other defendants not appearing as plaintiffs in error, to wit, H. M. Burton, Fredonia Burton, and Jess Burton, for debt and foreclosure of real estate mortgage.

The parties will be designated herein as they appeared in the trial court.

The plaintiff's petition contained six separate counts, and based upon notes and real estate mortgage on the lands therein described, and prayed for judgment for the debt and foreclosure of the real estate mortgage, and alleged that said mortgage contained a waiver of appraisement.

Demurrer was filed by Harlan T. Deupree, H. M. Burton, Fredonia Burton, Jess Burton, Henry Burton, and Erwin & Erwin, a partnership composed of P. D. Erwin and Walter C. Erwin; however, the case-made is silent as to a ruling upon said demurrers.

Defendants H. M. Burton, Fredonia Burton, and Jesse Burton filed answer by way of general denial.

Defendant Harlan T. Deupree filed answer by way of general denial, and joined therein cross-petition against plaintiff and each of the other defendants, setting up a 3/16th interest in the oil, gas and mineral rights and royalty in and under said real estate, and prayed that if a judgment be obtained ordering the sale of said real estate, that same be first offered for sale subject to and without the royalty interest of defendant.

Defendants Henry Burton and Erwin & Erwin, a partnership, filed joint answer by way of general denial and joined therein cross-petition setting up certain oil, gas and other mineral rights in and under said lands, as well as a judgment lien on said lands; and alleged they were entitled to a judgment in marshaling assets whereby said premises shall first be offered for sale subject to their lien and right; prayed for foreclosure of their lien. Replies were filed by plaintiff to the cross-petitions.

A trial of said cause was had, at which all parties thereto appeared, and judgment was entered for plaintiff for his debt and foreclosure of his mortgage, and adjudging said debt was a first mortgage lien on said lands, except "the royalty interest of Frank O. Ringer in said quarter section," and that defendants Henry Burton and Erwin & Erwin, a partnership, have a judgment lien against said premises and same is a second lien.

That defendant Harlan T. Deupree is owner of 3/16ths interest in the mineral rights, superior to the rights of the other defendants, subject only to the judgment lien of defendants Henry Burton and Erwin & Erwin.

That defendants Erwin & Erwin, a partnership, are the owners of 3/16ths mineral rights, superior to the rights of all other defendants, subject to the judgment jointly in favor of them and Henry Burton.

That all parties consent that the lands shall first be offered for sale to satisfy the money judgments set forth in the decree, subject to the mineral rights, but that if the highest bid is not then sufficient to satisfy those judgments in full, that thereupon the sheriff shall withdraw his offer to sell subject to those rights and shall sell the whole fee, subject only to an outstanding ¼th interest in the mineral rights, which is a prior grant and superior to the rights of all parties to the suit.

Further ordered that should defendant fail to pay the judgment of plaintiff for a term of six months from the date of the judgment, upon filing of a praecipe by plaintiff, that execution and order of sale issue, directed to the sheriff, commanding him to levy upon, advertise and sell, without appraisement, to the highest bidder for cash, the said lands; that he first offer said premises subject to the outstanding mineral grants, and should said premises fail to bring the amount of plaintiff's judgment, and the amount of the second lien, that he withdraw said offer and then sell the same subject only to the outstanding one-fourth royalty interest.

The judgment of the court so rendered was not excepted to by either of the parties thereto, and the attorneys for all parties "O. K.'d" the judgment.

The case-made does not contain praecipe for execution and order of sale, nor the original execution and order of sale, but contains what is termed "alias execution and order of sale," issued by the court clerk eight months after the date of the judgment.

Return of the sheriff shows sale of the property 35 days after date of the "alias execution and order of sale," after advertisement thereof in the Daily Record of Oklahoma City, a daily newspaper of general circulation in Oklahoma county, published continuously for a period of 52 consecutive weeks prior to the first publication of said notice by the sheriff. That said notice of sale was published 35 consecutive days in said paper. That he first offered said property for sale subject to the mineral rights according to the commands of said execution, and not receiving sufficient bid to pay the judgments, withdrew said offer and next offered and sold said premises including the mineral rights, except the royalty interest of Frank O. Ringer.

Motion to confirm sale was filed by plaintiff.

Separate objections to confirmation of sale were filed by defendants Harlan T. Deupree and Erwin & Erwin setting up that order of sale was not issued or returned as provided by law, and that the notice of sale was not published as required by law, and notice of sale was not published in a newspaper published in the township where the land is located.

Also the defendants Harlan T. Deupree and Erwin & Erwin filed separate motions to set aside the sale of the real estate, alleging that plaintiff through and in the name of his brother-in-law purchased all the interest of the owners of said lands in said premises, alleging the day of purchase subsequent to filing of the action and the consideration was paid by plaintiff, and was obtained and held for the sole and exclusive use of plaintiff. That mortgage of plaintiff and the royalty interest of the defendants were deducted from the purchase price; that the deed contained the following exceptions:

"Except mortgage now of record and accrued interest, and 1927 taxes, and outstanding royalty interests."

That said deed was not recorded until long after the judgment was entered in said cause, and defendants had no notice thereof until a short time previous to the sale.

That the purpose of plaintiff in procuring said deed was to obtain title, and hinder, embarrass and prevent defendants from arranging any settlement of said mortgage; and plaintiff retained same from record with the intent and purpose of preventing any defense in said action based thereon.

That since the execution of said deed plaintiff acted as owner of said premises and leased same to grantors in said deed, and collected the rents.

That by the purchase thereof all lien, right, and interest of plaintiff under his mortgage and foreclosure judgment merged in the title, and he is further under legal obligation to satisfy such mortgage to protect the interest of defendants.

A hearing was had upon said motions, and the only evidence introduced at said hearing was to the effect, in substance: That one George E. Heeg, not a party to the suit, and who was a brother-in-law of plaintiff, purchased the remaining interests of the owners of said lands by deed subsequent to the filing of the foreclosure action by plaintiff, for a consideration of $150, from the agent of the owners of said land. That he knew of the mortgage and royalty interests. That he did not collect the rents, as a receiver was appointed in the foreclosure action. That he bought it for speculation, furnished his own money, and bought it on his own

judgment; had no agreement with plaintiff to be repaid; that plaintiff did not get him to buy it to protect the mortgage. That he overlooked placing the deed of record. That the only conversation he had with plaintiff about buying it was that he told plaintiff he thought it was a pretty good proposition and thought he would buy it, and plaintiff made the remark, "you will have to decide for yourself, that is all." When asked if it was in foreclosure at the time he bought it, or suit had been filed, he replied, "I think so." Said he thought he could buy it and make a couple of hundred dollars or something like that. That his private business and the plaintiff's are separate and distinct; not in partnership with plaintiff in any manner; not acting for plaintiff in taking title to the land. Check for the $150 consideration was admitted, signed by George E. Heeg, payable to George R. Yeokum, Agt. The deed was admitted.

Defendant Erwin testified that defendants had no knowledge of the existence of the deed at the time judgment was taken. That he found out that the grantee in the deed was a brother-in-law of plaintiff.

Judgment was entered confirming the sale. Defendants excepted thereto; filed motions for new trial, which were overruled and excepted to by defendants, and defendants bring the cause here for review by petition in error with case-made attached.

Plaintiffs in error set out twelve assignments of error, which are presented under five specifications of error as follows:

"1. That the court committed error in overruling the objections to confirmation of sheriff's sale.

"2. That the court committed error in overruling the motions to set aside sheriff's sale.

"3. That the court erred in confirming the sale when no appraisement had been made of the property, since the judgment, order of sale and notice of sale showed that the sale was for the purpose in part of the payment of a judgment lien.

"4. That the court committed error in confirming the sale because the sheriff's return thereof does not show compliance with section 708, Compiled Oklahoma Statutes 1921, as amended by the Session Laws of 1927.

"5. That the plaintiff by procuring and accepting the deed of January 25, 1928, in the name of his brother-in-law, from the defendants H. M. Burton, Fredonia Burton and Jess Burton, covering the interest of said defendants in said premises and subject to the outstanding royalty interest of these defendants, thereby merged his mortgage and foreclosure judgment into the title obtained, and is estopped and precluded from foreclosing upon and selling the royalty interest of these defendants.

Under the first assignment of error above set out, plaintiffs in error contend that the property covered by the mortgage, foreclosed, and sold is not accurately or definitely described.

The mortgage is not in the case-made, so we are unable to pass upon the description therein contained, but the description contained in the petition, judgment, order of sale, and notice of sale is definite and certain; however; the plaintiff in error contends that the exception:

"The royalty interest of Frank O. Ringer in said quarter section with all rents, royalties, issues and profits thereon"

—does not show the quantum or character of Ringer's interest in said real estate. That the judgment does not determine or adjudicate the character of Ringer's interest. That the notice does not show the character of interest described in the petition.

The plaintiffs in error, Henry Burton and Erwin & Erwin in their cross-petition refer to the Ringer interest as a ¼th interest. The judgment referred to a ¼th interest of Ringer and superior to the mortgage of plaintiff and interests of defendants. The defendants waived objections to the petition by filing their answers without filing motions or demurrers thereto and saving their exceptions thereto. The defendants did not except to the judgment of the court, but entered their agreement as to the correctness thereof. It is clear that any purchaser at said sale might discover the outstanding interest of Ringer from the pleadings and search of the records.

In the case of Millard v. Nelson, 139 Okla. 56, 281 P. 238, in the first paragraph of the syllabus, this court said:

"On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale, and is not required to go behind the execution and look into the regularity of the judgment."

And in the case of Jackson v. Carroll, 86 Okla. 230, 207 P. 735, in the fifth paragraph of the syllabus, this court said:

"A purchaser of land must look to the title papers under which he purchases, and is chargeable with notice of the facts appearing upon their face; also a knowledge of all the facts suggested therein, and which he might, with the exercise of reasonable prudence and diligence, have ascertained; and hence, a purchaser at a judicial sale

224

not only takes with notice of what is shown upon the face of the proceeding and in the manner and scope as defined herein, but in addition thereto of all facts shown by any record of which in law the purchaser is required to take notice."

From examination of the pleadings and proceedings in the case at bar it is our opinion the descriptions of the interests to be sold and the interest reserved were sufficient to give a purchaser notice of what was being sold and what reserved, and this contention is without merit.

Under the second assignment of error above set out, the plaintiffs in error argue that the sale should have been set aside on account of the taking of the deed by the brother-in-law to the lands after the institution of the suit and the recording thereof after the entry of the judgment, and that plaintiff was attempting thereby to grab the title to the land by discouraging third parties.

Under the case of Millard v. Nelson, supra, the scope of inquiry on a motion to confirm sale of real estate made under execution is confined to the regularity of the proceedings on the sale, and not as to the regularity of the judgment.

The judgment is a valid judgment, and cannot be attacked in a proceeding to set aside the sale or under objection to confirmation of sale, but if plaintiffs in error desired to attack the judgment, they should have proceeded under sections 810, 812, and 814, C. O. S. 1921, which provide a method by which judgments may be vacated.

For the reasons stated, we think this assignment of error is without merit.

Under the third assignment of error as heretofore set out, plaintiffs in error contend that the court did not have the right to order sale of the property under the mortgage lien and under the judgment lien without appraisement of the property and that the sheriff should have had the property appraised. That a valid sale for the collection of a judgment lien could not be made except after an appraisement.

The plaintiffs in error in their answer and cross-petition prayed for a marshaling of the assets, and that the premises shall first be offered for sale subject to their lien, right, title, and interest therein, and if the property does not bring sufficient amount to satisfy plaintiff's claim, that the entire premises including the interests of defendants be included in the sale. The sale by the sheriff was had in conformity with the judgment, and the plaintiffs in error herein consented to the form of judgment entered and agreed to the manner in which the sale was had as shown by the judgment in said cause.

The petition alleged that the mortgage contained the provision, in case of the sale of the property under the mortgage, that appraisement was waived. The judgment, which was agreed to by all the parties, so provided, and the primary purpose of the action was to enforce the judgment of the plaintiff, and he had control of his judgment at all times, and it would have been a violation of the rights of the defendant in error, plaintiff below, under his judgment, to have had a sale made with appraisement.

In the case of Owens v. Culbertson 65 Okla. 137, 164 P. 975, in the first and third paragraphs of the syllabus, this court said:

"1. Section 4016, Rev. Laws, 1910, Ann. provides, in substance, that when the words 'and waive the appraisement' are written or printed in a mortgage on real estate, in case of foreclosure and sale of the premises under said mortgage, no order of sale shall issue thereunder for six months after the date of judgment, and the premises must be sold without appraisement.

"3. The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The manner of the order of the sale was as prayed for by plaintiffs in error herein, and was for the benefit of the plaintiffs in error herein, and certainly they cannot complain as to the manner of the sale that was had for their benefit. This assignment of error is without merit.

Under the fourth assignment of error heretofore set out, plaintiffs in error contend that notice of sale should have been published in the city or township in which the lands were situated, and that the return should show the proper publication.

That part of section 708, C. O. S. 1921, as amended by chapter 117, Sess. Laws 1927, which governs the sale in the case at bar is:

"* * * Provided, that in counties now having a population of one hundred ten thousand (110,000) or more according to the last federal census, the advertisement shall be published in some newspaper published in the city or township where said lands and tenements lie or if there be no newspaper in such city or township, then in some newspaper published in the county. All sales made without such advertisement shall be set aside on motion by the court to which the execution is returnable."

The return of the sheriff shows that publication was had in a newspaper published in the county in which the land was situated.

And in the case of Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138, second paragraph of syllabus, this court said:

"The general presumption is that public officers perform their official duty and that their official acts are regular."

It is our opinion, under this presumption of law, that the burden was upon the plaintiffs in error to show that the sheriff had not complied with the law; and the burden was upon plaintiffs in error to show that there was in fact a newspaper published in the city or township in which the land was situated.

There is no evidence in the record showing any irregularity in the publication of the notice; there is no evidence in the record showing that a newspaper was published in the city or township in which the land was situated, and the presumption being that public officers perform their official duty and their official acts are regular, and the burden being on the complaining parties to show the irregularity thereof, and they failing to do so, this assignment of error is without merit.

The fifth assignment of error heretofore set out is without merit.

There is no evidence in the record tending to prove that plaintiff below, defendant in error herein, procured this deed or had any interest therein; and in fact the evidence adduced is contrary thereto and that the grantee procured the deed on his own accord, for his own benefit and speculation, and paid personally the consideration therefor.

This assignment of error is an attack upon the judgment itself and such an attack could not be made by objection to confirmation of sale or motion to set aside the sale, and should have been brought under one of the methods applicable thereof as set out in sections 810, 812, and 814 C. O. S. 1921.

In the case of Kline v. Evans, Trustee, 103 Okla. 44, 229 P. 427, in the first paragraph of the syllabus, this court said:

"The ruling of the trial court on a motion for confirmation of sheriff's sale of real estate or objections thereto, are questions addressed to the sound discretion of the court, and unless it appears that there has been an abuse of such discretion, the ruling of the trial court will not be reversed on appeal."

Each of the assignments of error presented by plaintiffs in error having been disposed of adversely to their contentions, and finding no abuse of discretion of the trial court in confirming the sale, the judgment of the trial court confirming the sale is affirmed.

LESTER, C. J., and SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and CULLISON, JJ., absent. ANDREWS, J., not participating.