### SMITH, Gdn., v. CURRY.

No. 20399. Opinion Filed March 1, 1932.

Vilas V. Vernor and Whitaker & Whitaker, for plaintiff in error.

Clark & Jack Nichols, for defendant in error.

RILEY, J. This is an appeal from an order sustaining an objection to the confirmation of a sale of real estate under an order of sale issued in a proceeding to foreclose a mortgage.

The objection to confirmation is by the mortgagor and the only question presented by the objection is that mortgagor was entitled to raise was that the land did not sell for a fair value.

At the hearing there was no showing

whatever that the land did not sell for its fair value. The trial court did not refuse to confirm the sale on that ground. The refusal was based upon the ground that some third person might have an interest in the land and that such third person had not been properly proceeded against in that proper service had not been made upon him.

This question was one in which the objector has no concern. The order of sale, and sale, were regular and in conformity with the law.

In Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486, it was held:

"It is not required on motion for confirmation to look into the judgment or execution further than is necessary to determine whether the officer has properly performed his duty under the writ, nor permitted to decide upon the legality of either. The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular and a direction to the sheriff to complete the sale. If the execution is irregular or unauthorized by law, the defendant has his remedy by motion to set it aside, or if it is void, by controverting the title made under it."

At the sale the land was bid off and sold to the plaintiff, judgment creditor. In such circumstances the question of whether the sale should be confirmed was one of concern to plaintiff only. The defendant Curry, who was the mortgagor, ought not to be heard to complain. Upon the showing made defendant in error was entitled to have the sale confirmed.

The order sustaining the objection to confirmation is reversed and the cause is remanded for further proceedings.

CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and SWINDALL, J., absent.