## KIRKPATRICK et ux. v. JEFFERSON STANDARD LIFE INS. CO.

No. 27296. June 29, 1937.

Holmes H. Colbert, for plaintiffs in error.

John C. Powell, for defendant in error.

BAYLESS, V. C. J. The Jefferson Standard Life Insurance Company of Greensboro, North Carolina, instituted an action in the district court of Murray county, Okla., against Ernest W. Kirkpatrick and wife, owners of certain real estate, and other defendants, to foreclose a mortgage upon said real estate.

The Kirkpatricks defended, but on March 6, 1935, the trial court rendered judgment against them and in favor of the plaintiff finding the amount of the indebtedness, establishing the lien, and decreeing the sale of the property without appraisement. Included in the money judgment was an item representing taxes paid by the plaintiff, but as a matter of fact the plaintiff had not asked for judgment therefor in its pleadings. No appeal was taken from this judgment.

September 17, 1935, an order of sale and execution was issued for the sale of the property involved. September 28, 1935, while the order of sale was in the process of execution, the Kirkpatricks filed a petition for a new trial. The grounds of this petition may be summarized as a plea of old age, poverty, the effects of the depression, and a general plea of ignorance of court procedure whereby they were unable to properly defend. October 16, 1935, the plaintiff filed a demurrer to this petition for new trial. October 21,

1935, the sheriff filed the order of sale with his return of sale thereon, and on the same day the plaintiff filed a motion to confirm the sale. November 6, 1935, the Kirkpatricks filed a motion opposing the confirmation of the sale. November 25, 1935, the trial court sustained the demurrer to the petition for a new trial, to which the Kirkpatricks excepted and gave notice of their intention to appeal, and at the same time sustained the objections to the confirmation of the sale, quashed the sale, and granted plaintiff permission to issue an alias execution and order of sale. The notice of intention to appeal was not followed up and no appeal resulted.

December 10, 1935, an alias order of sale was issued, and on January 14, 1936, the sheriff returned said alias order of sale showing his proceedings thereunder, and on the 15th day of January, 1936, the plaintiff filed a motion to confirm the sale. In the meantime and on January 13, 1936, the Kirkpatricks filed a petition to vacate the judgment of March 6, 1935, upon various grounds. January 20, 1936, the Kirkpatricks filed objections to the confirmation of the sale. January 28, 1936, the plaintiff filed a motion to strike the petition to vacate the judgment. February 6, 1936, the trial court heard these various matters and entered an order (1) sustaining the motion to strike the motion to vacate; (2) modifying the judgment of March 6, 1935, by striking therefrom the item of taxes erroneously included therein, thereby reducing the amount of the judgment in the sum of $330.45; and (3) confirming the sheriff's sale.

The Kirkpatricks appeal and make two assignments of error, viz.: (1) The court erred in sustaining the motion of the defendant in error to strike the petition to vacate the judgment; and (2) the court erred in confirming the sale over the objections of the plaintiffs in error.

The recitations of the order complained of indicate that the trial judge struck the petition to vacate the judgment upon the theory that the grounds thereof were the same grounds disposed of November 25, 1935, in considering the petition for a new trial. This theory is not entirely correct, for the petition for a new trial did not assign as a ground the erroneous inclusion of the taxes in the judgment, whereas the petition to vacate the judgment contained such an assigned ground. However, whatever error the trial court may have committed in striking the petition to vacate the judgment was offset by the action of the trial court in modifying the judgment by eliminating therefrom the item of taxes erroneously included. The plaintiffs in error can have no complaint on this score. In addition to this, none of the other grounds of the petition to vacate the judgment were tenable.

The plaintiffs in error assert that the sale should have been quashed and a second alias order of sale and execution, conforming to the judgment as modified, should have been issued and a sale had thereunder. They rely upon Price v. Citizens State Bank, 23 Okla. 723, 102 P. 800; and White v. Oklahoma Savings & Loan Ass'n, 124 Okla. 24, 253 Pac. 977, and section 505, O. S. 1931. The effect of this statute and the holdings of these cases is that the order of sale must conform to the judgment.

The defendant in error argues that proceedings for the confirmation of a sheriff's sale are limited solely to the question of the regularity of the officer in the performance of the duties devolved upon him thereunder; and that questions of the regularity of the judgment or jurisdictional questions must be raised by motion to quash the sale or to set the sale aside. Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486, and Smith v. Curry, 155 Okla. 235, 9 P. (2d) 19.

In our opinion the contention of the defendant in error is correct. It is not asserted that the sheriff failed in any respect in the performance of his duties, and in so far as the record is concerned, no irregularities appear on the face thereof. We must hold that the trial court did not err in confirming the sale.

In addition to this, there is not a syllable of evidence in the record to indicate that the plaintiffs in error were in any wise prejudiced or that their substantial rights were materially impaired by a sale such as was had under the judgment specified in the alias order of sale.

Judgment affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.