### TURNER v. CLARK.

No. 28345.    Oct. 4, 1938.

Wallace Wilkinson and Charles B. Tucker, for plaintiff in error.

Ernest W. Thomas, for defendant in error.

BAYLESS, V. C. J.    This is an appeal from the district court of Pittsburg county. C. L. Clark sued R. S. Turner in a justice of the peace court in that county, and obtained a judgment May 14, 1931. No execution was issued to enforce this judgment in the justice of the peace court. June 1, 1936, a transcript of the judgment was filed in the district court aforesaid, and on October 23, 1936, a motion to revive this judgment was filed. November 28, 1936, an order was entered reviving the judgment. Execution was thereupon issued from the district court, but said writ was recalled by the plaintiff before it could be executed. Plaintiff thereupon went into the justice of the peace court and took steps to revive the judgment, and when an order to that effect had been entered, a second transcript was filed in the district court. Thereupon, another execution was issued and certain property levied upon and sold. Motion to confirm the sale was filed. Objections to the confirmation were filed, and from the order overruling the objections and confirming the sale, this appeal is prosecuted.

Plaintiff renews his efforts to dismiss the appeal by prefacing his brief with his motion to dismiss. This motion has been considered heretofore and disposed of without formal order, and no necessity exists for discussing the grounds thereof further. The last ground is that the appeal is frivolous because it attempts to question the validity of the judgment in an objection to the confirmation of the sale, which, plaintiff says, is not proper. While we recognize that defendant cannot raise this issue in objections to the confirmation of a sheriff's sale, we are loath to declare the appeal frivolous.

The defendant presents three propositions designed to show that the trial court erred in overruling his objections to the confirmation of the sale and in confirming the sale. It is not necessary to quote them, but it is sufficient to say that they touch entirely upon the validity of the revived judgment and do not in any manner question the regularity of the manner of the execution of the writ of execution. In other words, there is not a single step which the sheriff took that is attacked. In so far as the manner of executing the execution is concerned, the defendant appears to be perfectly content, except that he asserts that the judgment upon which it is based was not properly revived.

We have heretofore said that the only matters which can be considered on a motion to confirm a sheriff's sale and the objections thereto are the regularity and validity of the acts of the sheriff in exe-

cuting the execution. The court is not required nor authorized to look into the regularity or validity of the judgment upon which the execution is issued in passing upon the motion to confirm, and an objection containing such a ground calls nothing to the attention of the court with respect thereto. Brazell v. Brockins, 95 Okla. 38, 217 P. 847; Kline v. Evans, 103 Okla. 44, 229 P. 427; Griggs v. Brandon, 132 Okla. 180, 269 P. 1052; Burton v. Mee, 152 Okla. 220, 4 P.2d 33; Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 81, 221 P. 486; Smith v. Curry, 155 Okla. 235, 9 P.2d 19; and Kirkpatrick v. Jefferson, etc., Co., 180 Okla. 402, 70 P.2d 59.

We must hold that the defendant does not present matters meriting consideration when he asks that the order confirming the sheriff's sale be vacated because of the alleged irregularity and invalidity of the judgment under which the sheriff's sale was held.

The order of the trial court confirming the sheriff's sale is approved.

Affirmed.

OSBORN. C. J., and WELCH, PHELPS. and HURST, JJ., concur.