## MacKENCHNIE et al. v. VOIGHT et al.

No. 28391. Jan. 31, 1939.

Robt. R. Smith and Saunders & Carpenter, for plaintiffs in error.

Anglin & Stevenson and O. S. Huser, for defendants in error.

DANNER, J. This is an appeal from an order made by the district court of Pottawatomie county confirming sale of real estate. The plaintiffs in error, Belle MacKench-

nie and M. C. Patrick, defendants in the lower court, are the plaintiffs in error here. The defendants in error, Florence Voight and Louetta Voight, were plaintiffs in the lower court.

On the 9th day of February, 1935, Florence Voight and Louetta Voight filed an action in the district court of Pottawatomie county, Okla., to foreclose a mortgage. Service was had and answers filed by various of the defendants, but some of the defendants, M. C. Patrick in particular, were in default at the time of rendition of the judgment hereinafter set out.

On the 16th day of September, 1935, the cause came on for trial on regular assignment. The plaintiff in error Belle MacKenchnie appeared by her attorney; the defendant M. C. Patrick, though having been served with summons, had not filed an answer and was adjudged in default. On said 16th day of September, 1935, a judgment was rendered in favor of the plaintiff and against the defendants. This judgment fixed the amount due the plaintiff from the parties who had signed the notes. It declared the amount due the plaintiff a first lien on the property. It ordered the property sold. It directed the manner of sale. It provided for the distribution of the proceeds of the sale. It directed that after the sale the defendants and each of them be forever barred and foreclosed of and from any lien or right, title, interest, estate, or equity in or to said real estate, or any part thereof.

At this time Irene Hembree requested the cause be continued as to her cross-petition, the judgment reciting:

"Whereupon, the defendant, Irene Hembree, requests that the cause be continued as to her cross-petition, which is accordingly done, but that the same shall not prejudice the rights of the plaintiffs herein, and it further appearing that the interest of said defendant, Irene Hembree, is subordinate, junior and inferior to the interest of the plaintiffs herein."

It will be seen from the above that the judgment in favor of the plaintiff determined the issues between the plaintiff and the defendants and became a final judgment as far as the rights of the plaintiff and the defendants were concerned.

The judgment left the issues raised between the defendant and her codefendants to be determined at a later date.

On the 25th day of March, 1936, execution was issued, the property was advertised for sale and sold by the sheriff to Florence Voight and Louetta Voight. A motion to confirm sale was filed and the plaintiffs in error here filed objections to the confirmation of the sale.

They based their objections on the following grounds:

"(1) That the sale was not held and conducted as by law provided.

"(2) That the bid on said property was wholly inadequate and out of proportion to the value of said property.

"(3) That there is a cross-petition pending in said cause whereby one of the codefendants, Irene Hembree, is attempting to foreclose a second mortgage against this property, together with other property, and that said cross-petition has not been disposed of nor judgment rendered therein.

"(4) That by reason of the pendency of said cross-petition undisposed of and the failure of the court to render a judgment against her as one of the defendants that bidders who were present at the sale were afraid to bid on the property sold for the reason that they would not get a free and clear title to said property while the cross-petition of Irene Hembree is pending and undisposed of."

However, the plaintiffs in error only argue two propositions: First, that the judgment is not a final determination of the rights of the parties in the action. Second, that where appraisement is waived, the order of sale shall not issue until the expiration of six months from the time of the rendition of said judgment.

We hold that the judgment rendered September 16, 1935, was final, in so far as the rights of the plaintiffs and the defendants were concerned; that the judgment adjudicated the plaintiffs' claim and lien. It adjudicated the lien to be prior to the interest the defendants had or claimed in the real estate involved. It extinguished the equities of redemption and provided for distribution of the proceeds.

It was not necessary for the court to hear any further evidence or take any proceedings in so far as the rights of the plaintiff and defendants were concerned.

It is necessary to pass on this question in order to determine whether the execution was prematurely issued. Inasmuch as the judgment of September 16, 1935, was a final adjudication of the issues between the plaintiff and defendants, the execution issued on the 25th day of March, 1936, was not prematurely issued.

The question of the regularity of the manner of the execution and the order of sale is not attacked. In so far as the manner of execution of the order of sale was concerned, the plaintiffs in error seem to be perfectly

content, except they say there was no final judgment and that the order of sale was prematurely issued. The proceedings show no irregularity and no grounds exist for setting the order aside.

This court said in Turner v. Clark, 183 Okla. 458, 83 P.2d 178:

"We have heretofore said that the only matters which can be considered on a motion to confirm a sheriff's sale and the objection thereto are the regularity and validity of the acts of the sheriff in executing the execution. The court is not required nor authorized to look into the regularity or validity of the judgment upon which the execution is issued in passing upon the motion to confirm, and an objection containing such a ground calls nothing to the attention of the court with respect thereto. Brazell v. Brockins, 95 Okla. 38, 217 P. 847; Kline v. Evans, 103 Okla. 44, 229 P. 427; Griggs v. Brandon, 132 Okla. 180, 269 P. 1052; Burton v. Mee, 152 Okla. 220, 4 P.2d 33; Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 P. 486; Smith v. Curry, 155 Okla. 235, 9 P.2d 19, and Kirkpatrick v. Jefferson, etc., Co., 180 Okla. 402, 70 P.2d 59."

The order of the trial court confirming the sheriff's sale is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.