THRUSH v. WINSLOW.

98 P. 2d 905.

No. 29180. Jan. 30, 1940.

Lynn W. Norman, of Sulphur, for plaintiff in error.

P. K. Morrill, of Altus, and Millard F. Lowrance and John C. Powell, both of Sulphur, for defendant in error.

PER CURIAM. This appeal is by transcript from an order which overruled objection to and confirmed a sheriff's sale, made under writ of execution.

The record shows that the defendant in error obtained a money judgment against the plaintiff in error; that this judgment became final and that execution thereon was issued to the sheriff of Jackson county; that the sheriff of said county levied upon, advertised, and sold an undivided interest which plain-

tiff in error had in certain land in Jackson county; that the plaintiff in error filed objection to the confirmation of said sale on the ground that the judgment upon which the execution was issued was void; that the trial court, after a careful examination of the sale proceeding, was satisfied with the legality and regularity thereof, and thereupon overruled the objections and confirmed the sale.

The plaintiff in error presents only one assignment of error which can be considered here. The error thus complained of is, in substance, that there was no compliance with the requirements of section 472, O. S. 1931 (12 Okla. St. Ann. § 814), which section reads as follows:

"When an execution is issued to the sheriff of any county other than that in which the judgment was rendered, the sheriff, after endorsing the date of its reception thereon, shall deliver the same to the clerk of the district court of his county, who shall thereupon enter the same in the execution docket in the same manner as if it had issued from the court of which he is clerk; and before the sheriff shall return any such writ, he shall cause his return to be entered in like manner."

As said in the case of Turner v. Clark, 183 Okla. 458, 83 P. 2d 178:

"On a motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceeding on the sale and is not required to go behind the execution and look into the regularity of the judgment."

There is no showing in the record before us that the sheriff of Jackson county failed to follow the direction of the statute cited. The presumption is that he did. Burton v. Mee, 152 Okla. 220, 4 P. 2d 33. The statute cited does not require that the entries made by the court clerk shall be endorsed on the execution writ.

After a careful consideration of the sale proceedings in this case, we are of the opinion that the trial court proceeded properly in overruling the objections and in confirming the sale.

The decision of the trial court in all respects is affirmed.

RILEY, CORN, GIBSON, HURST, and DANNER, JJ., concur.