## MAGNOLIA PETROLEUM CO. v. PROCTOR et al.

No. 24998.   Nov. 27, 1934.

W. H. Francis, B. B. Blakeney, Hubert Ambrister and W. R. Wallace, for petitioner.

Champion, Champion & Fischl, for respondent.

WELCH, J. The respondent, Proctor, while in the employ of petitioner, sustained an accidental injury on March 20, 1926. The cause of the injury was a fall from an oil well derrick, and was such an injury as is embraced in the Workmen's Compensation Law. Proper claim was filed with the Industrial Commission. Claimant was disabled for work from the date of the accident to April 25, 1926, when he returned to work for the same employer. In March, 1927, there was filed with the Industrial Commission the stipulation and receipt of the parties on form No. 7, as prepared by the Commission. This stipulation recites that the disability ended April 24, 1926, giving the nature of injury as "healed fracture," and the extent of disability as "temporary total." The receipt acknowledges payment of $78, "on account disability resulting from injury sustained by claimant. * * *" On April 17, 1933, claimant filed his motion with the Industrial Commission to reopen the cause on change in condition. After a hearing, the Industrial Commission, on August 8, 1933, made an order and award. The order of the Commission contains findings of fact to the effect that claimant, as a result of the accident, suffered a permanent partial disability of loss of use to the left foot to the extent of 25 per cent., and loss of hearing in the right ear to the extent of $300. It also found that claimant's average daily wage at the time of the accident was $11, and that the maximum compensation rate of $18 per week applied.

The award was for $300 for permanent loss of hearing in the right ear, and for the foot disability, $675, being 37½ weeks' compensation at the rate of $18 per week, less $195 to the workman's attorney for his fee and expense.

Petitioner seeks to vacate this award, and urges the following proposition as grounds therefor:

"That said award is contrary to law; that the State Industrial Commission erred in rendering judgment for respondent Oran W. Proctor in any sum on account of the alleged loss of hearing and loss of use of the left foot, as there is no reasonable testimony tending to support the findings of said Commission; that the respondent, if entitled to recover, would be entitled to recover under the 'other cases' theory under the statutes of the state of Oklahoma, as he had worked more than 300 weeks since his injuries, and no specific award could be made in this case

for the loss of hearing or permanent injury to the left foot."

As to the alleged lack of evidence to support the findings and award, we have referred to the record in the case, and find ample competent evidence to the effect that claimant fell some 80 feet to the floor of the derrick, being rendered unconscious by the fall; that as a further result of the fall his ankle was severely injured, and the upper portion of his leg and hip in and about the hip joint; that the foot and leg bother him when he tries to work, and he has difficulty in walking on account of the foot and leg. claimant's testimony in this regard was replete with details concerning such disability of the foot and leg. Dr. Phil White testified to some loss of flection in the left knee, and a marked loss of flection and other difficulty in the left ankle. Among other answers given by the doctor in his testimony on this point, we find the following:

"Doctor, this claimant's left leg, I wish you would tell the Commission just what you found with respect to that left leg, knee. ankle and hip? A. When you manipulate the hip or thigh you get a little snap to feel it bulge a little, little catch and no, practically no, movement in the ankle joint; it is practically immobilized."

And witness gave as his opinion that the left leg was permanently disabled to the extent of 70 per cent., or possibly 60 per cent., not considering the injury to the hip. No question is raised but that the injuries testified to were the result of the industrial accident under consideration, and there is ample competent evidence to that effect.

As to the loss of hearing, Dr. A. L. Guthrie testified that claimant was suffering with 90 per cent. nerve deafness to the right ear, and ascribed such loss to the accident in question. Dr. Shelton testified to a 28 per cent. loss of hearing in the ear, resulting from the same cause. See Prairie Oil & Gas Co. v. Fitzke, 167 Okla. 44, 27 P. (2d) 836.

We conclude there is ample competent testimony in the record to support the findings of the Commission to the effect that the claimant sustained the injuries for which the award was made as a result of the accident.

Petitioner contends that by reason of the fact that there was some evidence to the effect that the claimant was injured in the left arm and shoulder, back of head, left hip and thigh, left shin and left ankle and foot, such injuries would necessitate an award, if any, under the "other cases" clause of sub-division 3 of section 13356, O. S. 1931, to the exclusion of any other provision of the statute. We have held to the contrary to such contention in Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. (2d) 873, decided September 11, 1934, which we consider conclusive of the question. As is clearly shown in that case, the Industrial Commission may or should make an award for specific injuries if the evidence warrants the same. We have already reached the conclusion that the evidence in this case justified the finding of the Commission with relation to the specific injuries for which an award was made.

It is next contended that section 13367, O. S. 1931, as amended by section 4, chapter 29, S. L. 1933, would prohibit the claimant from receiving the award here made.

In this case no award had ever been made to claimant for anything other than temporary total disability. It was therefore not necessary for the claimant to obtain a reopening upon a change of condition. The statute referred to on this point applies only to cases wherein it is necessary to show a change of condition as a prerequisite to the making of the award sought. The question has been decided adversely to petitioner's contention in Rock Island Improvement Co. v. Sammons, 167 Okla. 398, 29 P. (2d) 945, and New State Ice Co. v. Sanford. 167 Okla. 435, 30 P. (2d) 708.

The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL. OSBORN, and BAYLESS, JJ., concur. ANDREWS and BUSBY JJ., absent.