## LOCAL BLDG. & LOAN ASS'N v. MARTS et al.

No. 25768. Oct. 8, 1935.

Everest, McKenzie & Gibbens, for plaintiff in error.

Chas. E. Wells, for defendants in error.

PER CURIAM. This action was brought to collect money due on a note and to foreclose a real estate mortgage upon property located in Pottawatomie county, Okla., which mortgage had been given to secure the indebtedness evidenced by the note in the principal sum of $1,900. The parties appear here as they appeared below, and will be hereafter referred to as plaintiff and defendants. The record discloses personal service upon all of the defendants. No appearance was made by any of the defendants in the trial court prior to judgment, default judgment being entered January 3, 1934. Personal judgment was rendered against each of the defendants for $2,059.27, with interest from November 1, 1932, at 10 per cent., together with a further judgment for $190 attorney's fees. The mortgage securing the indebtedness was declared to be a first lien upon the property involved in the action, and the property was ordered to be sold to satisfy the costs of the sale and of the action, and the judgment awarded the plaintiff. The judgment further provided that the residue, if any, be paid to the clerk to await the further order of the court. Thereafter, the property was duly advertised for sale and sold by the sheriff of Pottawatomie county to the plaintiff for $1,000, after being appraised as required by statute (Okla. Stat. 1931, sec. 450), at $750.

Upon motion to confirm sale the defendant Adams objected to confirmation on two grounds: First, that no summons was served on him; and, second, that the record owner of the property covered by the mortgage had executed and delivered to the plaintiff, and filed for record prior to judgment, a deed in full settlement of the note and mortgage sued upon. At a hearing had on the motion to confirm and such objections to confirmation

of sale, the defendant Adams appeared by counsel, but offered no evidence in support of his objections. Counsel for plaintiff offered to prove, and the defendants, through their counsel, admitted, that the plaintiff had advised Mr. Adams that it was not willing to accept a deed to the property, and that later, after the deed had been executed and filed for record by the defendant Marts, the plaintiff refused to accept the deed, returning it to the defendant Adams, with the assertion that the deed had been executed by Mr. Marts and recorded without the plaintiff's request or consent. No question was raised at this hearing as to the regularity of the sale so far as the foreclosure proceedings were concerned, but the learned trial judge refused to confirm the sale solely because the plaintiff failed to bid the full amount of its judgment and would not agree to release its deficiency judgment. From this refusal the plaintiff appealed to this court, and urges here that the trial court erred in refusing to confirm the sale.

The defendants, in support of the trial court's refusal to confirm, urge two propositions: First, that the evidence disclosed a misunderstanding between the defendant Adams, maker of the note sued on, and the plaintiff, in regard to the deed executed and recorded by the defendant Marts; and, second, that the trial court could properly require the judgment creditor to satisfy the deficiency judgment as a condition to confirmation of sale.

The first proposition raised by the defendants in error is without merit, as the record discloses that the defendant Marts executed and recorded his deed to the plaintiff without its knowledge or consent, and that upon learning of such deed the plaintiff refused to accept the same and proceeded with its foreclosure action, which had been commenced prior to the execution and recording of the deed. In support of their first proposition, the defendants rely upon the case of First National Bank of Anadarko, et al. v. Dutcher et al., 159 Okla. 225, 15 P. (2d) 19. This case does not aid the defendants, the controversy there arising over the correct interpretation of the bid made at the sale under foreclosure and the sheriff's return thereon. This court there held that the action of the trial court in confirming the sale, where there was a misundertanding between the parties in interest as to the amount of the offer made for the property sold, subject to a prior mortgage, and where the clear weight of evidence supported the party objecting to the confirmation, was erroneous, and that the court should have refused to confirm such sale and should have ordered a resale. Here the facts and circumstances are entirely different, as the property in controversy sold for $1,000, while being appraised at only $750. An examination of the entire record discloses that the sale here in question was regular in all particulars and in strict compliance with statutory requirements, and no question was raised in the court below as to the sufficiency of the sale price, nor was any attack made upon the return of the sheriff which showed the property was sold for an amount substantially greater than its appraised value.

The second proposition raised by the defendants to support the action of the trial court is interesting, but not difficult of solution. It has been repeatedly held by this court that on a hearing upon a motion to confirm a sale of real estate under execution and objections thereto, the court should confine itself to the regularity of the sale proceedings, and that it is not required to go behind the execution or to look into the regularity of the judgment. In the case of Severson v. Bemore, 137 Okla. 50, 278 P. 327, the court held:

"The hearing on a return of sale of real estate on execution is confined to the face of the proceedings had by the officer under the order of sale, and if the trial court, after having carefully examined the proceedings of the officer, is satisfied that the sale has, in all respects, been made in conformity to law, it is the duty of the court to confirm said sale."

Other cases by this court supporting this rule are: Brazell v. Brockins, 95 Okla. 38, 217 P. 847; Griggs v. Brandon, 132 Okla. 180, 269 P. 1052; Millard v. Nelson, 139 Okla. 56, 281 P. 238; Burton v. Mee, 152 Okla. 220, 4 P. (2d) 33.

Our statutes with reference to sales under execution were adopted from Kansas, and the Supreme Court of that state, long prior to adoption, had announced the same rule consistently adhered to by this court. Koehler v. Ball et al., 2 Kan. 160.

Defendants call attention to the fact that a general depression in real estate exists, and asserts that various district courts in this and other states, on the ground of public policy, have been following the practice of requiring plaintiffs to satisfy any deficiency remaining above the purchase price before confirming a sheriff's sale of property under foreclosure, and cite in support of their position the case of Blaisdell v.

Home Building & Loan Association (Minn.) 86 A. L. R. 1507, 249 N. W. 334, and the decision rendered by the Supreme Court of the United States in the same case, reported in 290 U. S. 398, 78 L. Ed. 413. The case cited and relied upon involved the constitutionality of the Minnesota Moratorium Act (Laws 1933, c. 339) granting mortgagors a stay or delay in foreclosure proceedings for a fixed period of time. This case is likewise of no aid to the defendants as no similar statute is invoked in the instant case. Were we considering the constitutionality of a similar act, the case cited would be an authority entitled to due respect and consideration. However, we are not faced with the same problem here that was presented to the Supreme Court of Minnesota and the Supreme Court of the United States. There, the Legislature of Minnesota in its Moratorium Act established a public policy in the due exercise of its privileges and powers. However sympathetic we might be with that numerous class of persons who, in recent years, have suffered foreclosure of their properties or homes, it is not the function of the court or the trial courts of the state to attempt to establish such a public policy. The right to do so is legislative, not judicial. In re County Com'rs of Counties Comprising Seventh Judicial District, 22 Okla. 435, 98 P. 558, and authorities there cited. The proposition urged by the defendants is without merit, and we hold that the court below was wholly without power or authority to require the plaintiff to bid the full amount of its judgment, or require it to release any deficiency as a condition precedent to sale.

For the reasons herein set forth, the judgment refusing to confirm sale is hereby reversed, and cause remanded, with directions to enter proper order confirming the sale of the property involved herein.

The Supreme Court acknowledges the aid of Attorneys Glenn Alcorn, William O. Blake, and Powell Clayton in the preparation of this opinion. These attorneys constituted on advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Alcorn and approved by Mr. Blake and Mr. Clayton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.