## LOCAL BLDG. & LOAN ASS'N v. COMPTON et al.

No. 26753.   May 26, 1936.

Everest, McKenzie & Gibbens, for plaintiff in error.

Wilcox & Swank, for defendants in error.

WELCH, J. Personal judgment was rendered against the defendants in the trial court, and it was further decreed that plaintiff's real estate mortgage be foreclosed and the real estate therein contained sold at sheriff's sale for the satisfaction of the judgment.

Upon motion for confirmation of a sher-

iff's sale an objection to the confirmation was filed as follows:

"Comes now the defendant William I. Compton, and shows to the court that the property involved in this action was advertised for sale by the sheriff of Payne county, Oklahoma, and the same was sold on the 6th day of May, 1935, to the plaintiff for the sum of six thousand two hundred and no/100 ($6,200.00) dollars; that prior to the sale, the property was appraised at six thousand five hundred and no/100 ($6,500.00) dollars; that the judgment herein is for six thousand two hundred ninety-two and 80/100 ($6,292.-80) dollars, with interest thereon from the 31st day of October, 1933, at 10 per cent. per annum, and the further sum of six hundred and no/100 ($600.00) dollars as attorney's fees, and the costs of this action; that this results in a deficiency judgment against these defendants in a sum in excess of $1,-000.00; defendants further show to the court that the property consists of three (3) dwelling houses on Duncan street two blocks north of the courthouse, with the paving paid, so that the property is actually worth in excess of the amount of plaintiff's judgment.

"Wherefore, defendant prays the court that the sale be disapproved unless the plaintiff agrees to satisfy the judgment in full."

The motion which we have quoted contains a correct recitation of facts. The court ordered the sale confirmed upon condition, however, that plaintiff would release any deficiency judgment which remained in excess of the proceeds of the sale. On the motion to set aside such order and to confirm sale without such condition, the same was overruled, and appeal has been taken assigning such action of the trial court as error.

Since the action of the trial court herein this court has decided the question here presented. In Local Building & Loan Ass'n of Oklahoma City v. Marts, 174 Okla. 130, 51 P. (2d) 492, it is held in the syllabus thereof as follows:

"Trial courts are without authority or power to compel a judgment creditor in foreclosure cases to bid the full amount of its judgment, or to release its deficiency judgment as a condition precedent to confirmation of sale of real property, where the sale has been held in compliance with statutory requirements."

We consider such case controlling here.

The defendants assert that the property involved had been held by a receiver appointed by the court during the pendency of litigation, and that he had collected certain rents and profits therefrom, and assert that it is probable that the court considered that these rents and profits would compensate

plaintiff for the amount of its deficiency judgment which the order of the court required released. The record before us reflects no such condition, nor does the same, nor the objections to confirmation, indicate that any such consideration influenced the court in its action. Any receipts coming into the hands of the receiver could have and should have been disposed of by the trial court by appropriate orders.

The action of the trial court is therefore reversed, and the cause is remanded, with instructions to confirm the sheriff's sale of the property, and direct the sheriff to execute and deliver a proper deed therefor.

RILEY, Acting Chief Justice, and PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and BUSBY, JJ., absent.