### STATE ex rel. COM'RS OF THE LAND OFFICE v. DISTRICT COURT OF CUSTER COUNTY et al.

No. 29297.    Oct. 31, 1939.

598

Tom Huser and Campbell Hippen, both of Oklahoma City, for relator.

Milton Keen, County Atty., of Clinton, for respondents.

DANNER, J. This is an original action in mandamus by the State of Oklahoma on relation of the Commissioners of the Land Office of the state against the District Court of Custer County, Okla., and the Hon. W. P. Keen, Judge of the District Court, to compel the respondents to enter an order confirming a sale of real estate made by the sheriff of Custer county and to direct the sheriff to execute a deed to the relator.

On October 21, 1930, the relator instituted suit in the district court of Custer county against Georgia Heimer and Julius Heimer, wife and husband, for money judgment and to foreclose a mortgage on real estate. Personal service of summons was had on the defendants, and judgment by default was entered by the court on December 19, 1932.

Thereafter, in proceedings regularly conducted, the sale of the property, without appraisement, was made on July 21, 1937. On May 16, 1939, on the hearing on the sheriff's return of sale, the respondent denied relator's motion to confirm the sale for the sole reason that the relator refused to waive deficiency judgment.

No objections or exceptions to confirmation were filed by the defendants. The journal entry of judgment denying confirmation contains the following:

"The court, having carefully examined the proceedings of said sheriff under said order of sale, is satisfied that the same are regular and have been performed in all respects in conformity to law, and further finds no exceptions or objections to said sale have been filed in said cause. * * *

"Thereupon, the court announced its readiness to confirm said sale upon the condition that said deficiency judgment be remitted and canceled by the plaintiff herein, which offer of the court was refused by said plaintiff, who insisted upon the confirmation of the said sale upon the face of the said sheriff's proceedings.

"Thereupon, the court denied confirmation of the said sale upon the sole grounds that a deficiency judgment remained."

Two questions are herein presented for consideration: First, whether the trial court was justified in denying confirmation where no irregularity existed and on the sole ground that the plaintiff refused to release the deficiency judgment; and, second, whether mandamus will lie to compel the court to confirm the sale under the facts as above set out.

Section 456, O. S. 1931, 12 Okla. St. Ann. § 765, which relates to the sale of lands under execution, reads as follows:

"If the court, upon the return of any writ of execution, for the satisfaction of which any lands or tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this article, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed for such lands and tenements; and the officer, on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeably to the order of the court."

From this section it is seen that the court, having been satisfied that the sale has in all respects been made in conformity to the provisions of the article, shall direct the clerk to make an entry on the journal that the court is satisfied with the legality of such sale and shall direct that the sheriff execute a deed to the parties entitled to receive the same.

We held in Local Building & Loan Ass'n v. Marts, 174 Okla. 130, 51 P.2d 492, as follows:

"Trial courts are without authority or power to compel a judgment creditor in foreclosure cases to bid the full amount of its judgment, or to release its deficiency judgment as a condition precedent to the confirmation of sale of real property, where the sale has been held in compliance with statutory requirements."

This rule was also followed in Local Building & Loan Ass'n v. Compton, 177 Okla. 168, 58 P.2d 127. It necessarily follows that the court, having found that all proceedings were regular, and having no authority to compel the judgment creditor to release the deficiency, should have confirmed the sale.

The remaining question is whether mandamus will lie to compel the confirmation of the sale.

As before noted, the trial judge, in the journal entry of judgment, found that he

was satisfied that the sale was regular and had been performed in all respects in conformity to law, and that no objections or exceptions had been filed. Confirmation of the sale was denied upon the sole ground that a deficiency judgment remained.

Clearly, the court acted arbitrarily in refusing to confirm the sale after having found that all statutory requirements had been met.

As a general rule, mandamus will not lie to review an exercise of judicial discretion. Even though the court may have erred in its conclusion, mandamus is not a remedy to review an erroneous decision and must not be permitted to usurp the functions of an appeal. But, even though the discretion of the court will not ordinarily be controlled by mandamus, where the discretion of the court can logically be exercised in only one way, mandamus will lie to compel the court so to exercise it. The rule is correctly stated in 38 C. J., page 608, section 85:

"While as already shown the discretion of the court will not ordinarily be controlled by mandamus, it is not universally true that the writ will not issue to control such discretion or to require a judicial tribunal to act in a particular way. Where the discretion of a court can be legally exercised in only one way, mandamus will lie to compel the court so to exercise it, and in some cases mandamus has been employed to correct the errors of inferior tribunals and to prevent a failure of justice or irreparable injury where there is a clear right, and there is an absence of other adequate remedy, as for instance where no appeal lies, or where the remedy by appeal is inadequate. It may also be employed to prevent an abuse of discretion, or to correct an arbitrary action which does not amount to the exercise of discretion."

In the case under consideration, the court having found that the sale had been properly conducted, its refusal to confirm the sale was purely arbitrary, and mandamus will lie to compel the confirmation.

The writ is granted and respondent is directed to enter an order confirming the sale and directing the sheriff to execute a deed conveying to the relator the property foreclosed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, and DAVISON, JJ., concur.