FEDERAL LAND BANK OF WICHITA, KAN., v. SMOOT et al.

95 P. 2d 894.

No. 29135. Nov. 7, 1939.

M. A. Holcomb, of Buffalo, and W. E. Pepperell, S. C. Durbin, Conrad L. Ball, and J. P. Flinn, all of Wichita, Kan., for plaintiff in error.

B. F. Willett, of Buffalo, for defendants in error.

WELCH, V. C. J.   This action was brought by the plaintiff, the Federal Land Bank of Wichita, Wichita, Kan., a corporation, against Edward M. Smoot and Mary E. Smoot, his wife, Joe Smoot and Flossie Smoot, his wife, and Roy Sappington, defendants, to foreclose a first mortgage lien upon a tract of land.

Personal judgment was rendered on March 22, 1938, in favor of plaintiff against defendants Edward M. Smoot and Mary E. Smoot, his wife, and Joe Smoot and Flossie Smoot, his wife, for $1,896.06, together with interest, costs, and attorney's fee, and judgment foreclosing plaintiff's mortgage was rendered against all of the defendants. Thereafter, on November 7, 1938, the sheriff sold the mortgaged property at a sheriff's sale to the plaintiff for a bid of $1,000. The plaintiff filed its motion for confirmation of sale and the defendants filed objection to confirmation of sale. At the hearing the trial court found that the sale proceedings were regular and in conformity with the law, but refused to confirm the sale unless the plaintiff would release its deficiency judgment. The plaintiff refused to release its deficiency judgment, and the court entered its order denying the plaintiff's motion for con-

firmation and refusing to confirm the sale, to all of which the plaintiff excepted, and perfected this appeal.

The defendants in their brief do not give us any authorities to support the view taken by the trial court, but choose to rely on the theory that there was an emergency which justified the trial court in refusing to confirm the sale. They call attention to the fact that weather conditions prevented the raising of two crops and that a general depression in real estate existed, and that such conditions justify a judicial policy supporting the action of the trial court. Similar contentions were considered in Local Building & Loan Ass'n v. Marts et al., 174 Okla. 130, 51 P. 2d 492, and it was there said:

"However sympathetic we might be with that numerous class of persons who in recent years have suffered foreclosures of their properties or homes, it is not the function of the court or the trial courts of the state to attempt to establish such a public policy. The right to do so is legislative, not judicial. In re County Commissioners of Counties Composing Seventh Judicial District, 22 Okla. 435, 98 P. 557."

We have held in Local Building & Loan Ass'n v. Marts et al., supra, and in Local Building & Loan Ass'n v. Compton et al., 177 Okla. 168, 58 P. 2d 127, that:

"Trial courts are without authority or power to compel a judgment creditor in foreclosure cases to bid the full amount of its judgment or to release its deficiency judgment as a condition precedent to confirmation of sale of real property, where the sale has been held in compliance with statutory requirements."

We consider these cases controlling here.

The action of the trial court is therefore reversed, and the cause is remanded, with directions to confirm the sheriff's sale of the property, and direct the sheriff to execute and deliver a proper deed therefor.

BAYLESS, C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.