FISHER v. KEEN, Dist. Judge.

No. 29725.   March 26, 1940.

*100 P. 2d 859.*

Darnell & Gibson, of Clinton, for plaintiff.

DANNER, J. This is an original action in mandamus by Hazel B. Fisher against W. P. Keen, district judge of the twelfth judicial district of the state of Oklahoma, to compel the respondent to enter an order confirming sale of real estate and to direct the sheriff of Custer county to execute a deed to the plaintiff.

On the 29th of October, 1927, Hazel B. Fisher filed an action in the district court of Custer county, Okla., against L. E. Coleman and Katherine M. Coleman et al. for the foreclosure of real estate mortgages. Service of summons was had, and in due time judgment was taken, and same became final.

Pursuant to praecipe an execution and an order of sale were issued by the court clerk of Custer county. The property was advertised and sold by the sheriff without appraisement, appraisement having been waived and more than six months having elapsed from the time the judgment was rendered. At the sheriff's sale, the plaintiff became the purchaser of the property, bidding an amount less than the judgment. The sheriff made his return of the sale, and the plaintiff filed her motion to confirm it. There were no objections filed to the regularity of the sale.

The court examined the proceedings of the sheriff under the order of sale and execution, and made a finding that same had been performed in all respects in conformity to law, but refused to confirm the sale unless the deficiency judgment be released. We held in State ex rel. Commissioners of Land Office v. District Court of Custer County, 185 Okla. 597, 95 P. 2d 851, in a similar state of facts, that the refusal of the court to confirm the sale was purely arbitrary and that mandamus would lie to compel the confirmation. See that decision, which is adopted as the law of this case.

The writ is granted, and respondent is directed to confirm the sale and cause execution of a deed conveying to Hazel B. Fisher the property foreclosed. It is further ordered that the costs of this proceeding be taxed to the respondent.

BAYLESS, C. J., WELCH, V. C. J., and CORN and HURST, JJ., concur.