AYCOCK v. HARRIMAN et ux.

No. 29930. May 13, 1941.

*113 P. 2d 380.*

Hughes & Dickson, of Guymon, and M. E. Becker, of Boise City, for plaintiff in error.

McMahan & McMahan, of Boise City, for defendants in error.

HURST, J. This is an appeal by plaintiff, the purchaser of mortgaged property sold under a special execution and order of sale issued in the foreclosure proceeding, in which he was the judgment creditor, from an order confirming the sale upon condition that plaintiff release his deficiency judgment. Defendants cross-appeal from the refusal of the trial court to consider, on their objections to confirmation, damages sustained by them by the premature levy of a general execution upon their property to satisfy plaintiff's judgment prior to the sale of the property covered by the mortgage, which is discussed in Aycock v. Harriman, 185 Okla. 590, 95 P. 2d 110.

1. The requirement that plaintiff release his deficiency judgment as a condition precedent to the confirmation of the sale is contrary to the decisions of this court. Federal Land Bank of Wichita v. Smoot, 186 Okla. 32, 95 P. 2d 894, and in Fisher v. Keen, District Judge, 187 Okla. 5, 100 P. 2d 859. To avoid the force of these decisions, defendants argue that there were certain irregularities in the sale proceedings called to the attention of the trial court by their objections to the confirmation, which, when considered in connection with the disparity between the sale price and the value of the property sold, justified the trial court, in the exercise of his discretion, in annexing the condition to the order of confirmation. But the trial court found that the irregularities complained of did not invalidate the sale, or in any manner prejudice the defendant, and that in his judgment a greater amount than the sum bid by plaintiff could not be obtained if another sale was had, and stated that if defendants could produce any evidence which would justify a reasonable inference that another sale would be productive of a higher bid, he would refuse to confirm the sale, and order the property resold. Defendants were present at the time, and evidently were unable to produce the suggested evidence. They do not here contend that such result would attend another sale. It follows, therefore, that the action of the trial court complained of constituted an abuse of discretion.

2. On their cross-appeal defendants contend that the trial court erred in refusing to consider their right to reimbursement for their personal property taken and sold by plaintiff under general execution. That plaintiff's action in causing the levy of such execution and the sale of the personal property of defendants thereunder was premature and unauthorized was held in Aycock v. Harriman, supra. But in that case it was also held that the trial court, in allowing his order quashing and recalling the general execution to be superseded, did not exceed his judicial power or abuse his judicial discretion. Therefore, if defendants suffered injury or loss by reason of such action on the part of the plaintiff, they have a cause of action at law against him and the sureties on his bond, wholly distinct from any issue involved in the in-

stant case. It was not an equitable ground for refusing to confirm the sale, as that term is used in State ex rel. Com'rs of the Land Office v. Harrower, 167 Okla. 269, 29 P. 2d 123. Such cause of action was not cognizable by the trial court upon the hearing of a motion to confirm a sheriff's sale. At such hearing only questions relating to the regularity of the sale proceedings may be considered. Griggs v. Brandon, 132 Okla. 180, 269 P. 1052; MacKenchnie v. Voight, 184 Okla. 291, 86 P. 2d 991; State ex rel. v. District Court, 185 Okla. 597, 95 P. 2d 851. The trial court correctly refused to try the cause of action of defendants against plaintiff and his bond at the hearing on the motion to confirm the sheriff's sale.

Reversed, with directions to confirm the sheriff's sale.

CORN, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur.