## FILTSCH v. CREIDER et al.

No. 30958.  Oct. 19, 1943.

*142 P. 2d 123.*

W. M. Taylor, of Cushing, for plaintiff in error.

Embry & Sutton, of Chandler, for defendants in error.

PER CURIAM. This is an appeal from an order refusing to confirm sheriff's sale. On the 27th day of December, 1934, plaintiff, Fannie Filtsch, obtained judgment against the defendants, W. C. Creider, Julia A. Creider, and R. E. Dickson, for $1,500, with attorney fees and costs. The judgment also foreclosed a mortgage lien on certain real property in the city of Chandler, Okla. The property was sold on the 9th day of December, 1935, for $800, the purchaser being the plaintiff.

On the 11th day of December, 1935, the plaintiff filed a motion to confirm sale. On the 13th day of December, 1935, the defendant R. E. Dickson, purchaser from W. C. Creider and Julia Creider and former owner and in possession of the premises, filed objections to the confirmation of sale. The matter came on for hearing on the motion to confirm sale and numerous objections filed thereto, and on the 16th day of January, 1942, the trial court denied the motion to confirm sale and the sole reason for refusal to confirm was the failure to satisfy the deficiency judgment.

Plaintiff appeals and the sole allegation of error presented is the refusal of the trial court to confirm the sale unless the deficiency judgment is satisfied.

Soon after the sale of the property the plaintiff took possession of the premises and is at this time in possession. The testimony offered on the motion to confirm sale shows that the premises were in a dilapidated condition when plaintiff assumed possession thereof. Plaintiff has made certain substantial improvements since taking possession.

We are of the opinion, and hold, that the court erred in refusing to confirm the sale. Local Bldg. & Loan Ass'n of Oklahoma City v. Marts, 174 Okla. 130, 51 P. 2d 492; State ex rel. Commissioners of Land Office v. Keen, 187 Okla. 179, 102 P. 2d 143; State ex rel. Commissioners of Land Office v. District Court of Custer County, 185 Okla. 597,

95 P. 2d 851; Fisher v. Keen, 187 Okla. 5, 100 P. 2d 859.

Defendant asserts that the plaintiff has been guilty of laches; that the plaintiff has reaped inequitable benefits by obtaining possession of the premises, and there was presented an equitable question to the trial court authorizing the court to confirm or refuse to confirm the sale. With this contention we cannot agree. Within two days after the motion to confirm sale was filed, defendant filed objection to the confirmation. The motion to confirm the sale was filed almost immediately after sale. Since that time there is no indication that the defendant has sought a determination of the irregularity of the proceedings and there is no suggestion of such irregularity.

The cause is reversed and remanded, with directions to the trial court to vacate the order refusing to confirm sale and to enter an order confirming sale.

CORN, C. J., GIBSON, V. C. J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., absent.