GRIFFIN GROCERY CO. v. LOGSDON et al.

No. 32384. Dec. 17, 1946.

*175 P. 2d 307.*

Banker & Bonds and Henry O. Boatright, all of Muskogee, for petition.

Thomas E. Neary, and B. B. Wheeler, both of Muskogee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Griffin Grocery Company, carrying its own risk, hereinafter referred to as petitioner, to review an award in favor of respondent, George A. Logsdon.

Respondent filed his first notice of injury and claim for compensation on January 19, 1945, wherein it was stated that on the 11th day of December, 1944, while engaged in unloading oil drums from a truck, he sustained an injury to his spine and strained ligaments in his back. Petitioner filed employer's first notice of injury on January 12, 1945, in which it was stated that respondent, on the 11th day of December, 1944, while in its employ and engaged in the unloading of oil drums, sustained an injury consisting of a temporary strain to his back. It made payment of compensation at $18 per week until January 20, 1945, at which time it presented an application to discontinue payments and

for determination of extent of disability. A hearing was had before a trial commissioner who found that respondent had sustained injury as claimed and awarded him compensation for 30 per cent permanent partial disability to his body as a whole at the rate of $18 per week for 150 weeks, or a total of $2,700. This order was vacated on appeal to the commission en banc. The commission found:

"That on December 11, 1944, the claimant herein was in the employ of the respondent, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and on said date he sustained an accidental personal injury, arising out of and in the course of his employment consisting of an injury to his back.

"That claimant's wages at the time of said injury were sufficient to fix his rate of compensation at $18 per week, and that as a result of said injury the claimant was temporarily totally disabled from December 11, 1944, to January 20, 1945, for which period of time less the five-day waiting period claimant has been paid temporary total compensation.

"That as a further result of said injury claimant has sustained 25 per cent permanant partial disability to the body as a whole for which he is entitled to compensation in the sum of $2,250 or 125 weeks at $18 per week; that there is now due the sum of $684 or 38 weeks at $18 per week, computed from January 20, 1945, to October 13, 1945."

On these finding the commission entered an award in favor of respondent requiring petitioner to pay him the sum of $684 accrued compensation computed from January 20, 1945, to October 13, 1945, and to continue to pay him compensation at the rate of $18 per week until the total sum of $2,250 has been paid by reason of his 25 per cent permanent partial disability to the body as a whole sustained by reason of such injury.

Petitioner contends that the evidence is insufficient to sustain the award. It is, however, conceded by it that respondent received some injury as claimed; that he was at the time engaged in a hazardous employment and that he sustained such injury while engaged in such hazardous employment and arising out of and in the course of such employment. It, however, contends that such injury was of a trivial nature and that respondent had completely recovered therefrom and that there is no competent evidence to sustain the finding of the commission that respondent sustained any permanent disability. Dr. Oldham so testified. He testified that several days after the alleged accident he examined respondent. He made an X-ray examination and discovered no injury of a permanent nature and testified that in his opinion respondent sustained no disability whatever by reason of the accident. Respondent testified that he received an injury to his back on the 11th day of December, 1944, while engaged in unloading an oil drum from a truck; that drums were being unloaded by sliding down a plank; that while assisting in unloading one of the drums it started to slip off the plank on his side and in order to prevent its falling on him he attempted to hold the drum and succeeded in lifting it back on the plank, and that in so doing he severely strained his back; that since that time he has not been able to do any manual labor; that he cannot walk without suffering pain; that he is unable to do any kind of work which requires stooping and lifting; that since that time he has received medical treatment but that such treatment has not improved his condition and that his condition is gradually growing worse; that prior to the accident he was an able-bodied man and was able to do heavy manual labor; that he had at no time prior thereto sustained any kind of injury to his body or person.

Dr. Nichols testified that he first saw and examined respondent on the 30th day of January, 1945; that after obtaining a history of the case from respondent he proceeded to make a

physical examination; that he made no X-ray examination but that he made a thorough office examination; that he examined and manipulated the back of respondent; that such manipulation seemed to cause him extreme pain; that from such examination and history of the case obtained from respondent he reached the conclusion that respondent was suffering from torn tendons and muscles of his back; that he had treated him for such injuries on different occasions but that in spite of such treatments his condition is . apparently growing worse; that in his opinion respondent is permanently totally disabled and that he never again will be able to perform heavy work or work which requires any stooping of lifting, and in answer to a hypothetical question stated that in his opinion such condition was due to the injury sustained on December 11, 1944.

While the evidence is somewhat conflicting, we think the evidence of respondent and Dr. Nichols sufficient to sustain the award. We have repeatedly held that the cause and extent of disability resulting from an accidental injury are questions of fact, and where the evidence is in conflict and there is any competent evidence reasonably tending to sustain the finding of the State Industrial Commission, an order or award based thereon will not be disturbed on review. Burba v. State Industrial Commission, 195 Okla. 344, 157 P. 2d 199, and cases therein cited.

The award is sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur.