EDWARDS INVESTMENT CO. v. CROOK et al.

No. 32582. April 29, 1947.

*180 P. 2d 189.*

490

George F. Short, Welcome D. Pierson, and John N. Singletary, all of Oklahoma City, for petitioners.

Miller & Goad, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by Edwards Investment Company and Employers' Liability Assurance Corporation, its insurance carrier, hereinafter called petitioners, to review an award made to Henry Crook, respondent.

The first notice of injury and claim for compensation stated that on April 4, 1944, respondent sustained an accidental injury arising out of and in the course of his employment with the petitioner, Edwards Investment Company, engaged in construction work, when he injured his back. An award was made in favor of respondent and the petitioners have brought this proceeding to review said award.

The record discloses that respondent sustained the injury on the 4th day of April, 1944, when he fell from a 12-foot form that was being used in the construction of a building. Form 7, settlement for temporary disability, was filed on May 18, 1944, and at that time the respondent was paid $36, making a total payment of $90 on account of his disability.

Thereafter, on the 18th day of January, 1946, the matter was heard on an application to determine the extent of permanent disability, and after hearings an award was made finding that by reason of the accidental injury on the 4th day of April, 1944, the respondent had sustained a 20 per cent permanent partial disability due to a back injury.

It is first argued, in effect, that because the respondent had stated in his first notice of injury and claim for compensation that he was injured and had sustained a temporary disability, his injury consisting of bruises to his back and neck, he cannot thereafter without a further notice obtain permanent disability. No issue of notice was presented before the Industrial Commission. Such a position is untenable. After a claim is filed with the State Industrial Commission the jurisdiction is fixed, and there is no time limit set upon the right to enter an award thereafter for permanent disability. The State Industrial Commission has continuing jurisdiction to enter such award. Interstate Window Glass Co. v. Chandler, 166 Okla. 59, 26 P. 2d 198; Magnolia Petroleum Co. v. Proctor, 169 Okla. 513, 38 P. 2d 7; Pauly Jail Bldg. Co. v. Akin, 184 Okla. 249, 86 P. 2d 796; Fournier Stucco & Plastering Co. v. Greer, 187 Okla. 589, 104 P. 2d 423.

It is next argued that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that as a result of the accidental injury of April 4, 1944, respondent sustained a 20 per cent permanent partial disability. In Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425, we held that where there is competent evidence reasonably tending to support the finding made on the issue as to the cause and extent of the disability, such award will be sustained. See, also, in this connection, Prairie Cotton Oil Co. v. State Industrial Commission, 187 Okla. 378, 102 P. 2d 944; Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176; Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969. The evidence dis-

closes that respondent fell from a 12-foot form and was hospitalized in Saint Anthony Hospital in Oklahoma City. After leaving the hospital he was treated by Dr. Brooks and Dr. Burke. Dr. White, one of the medical expert witnesses testifying for the respondent, located pain incident to the disability at the fourth and fifth lumbar vertebrae, and stated that it extended upward to the neck and down to the lower portion of the sacrum. He further stated that the respondent has a chronic myofibrosis of the lumbar muscles of the back; that by reason of the accidental injury he has a disability of 30 per cent. Dr. Harbison gave similar testimony and fixed the permanent disability at 25 per cent.

We are of the opinion, and hold, that there is competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.