GILBREATH v. KILLOREN ELECTRIC CO. et al.

No. 34612.   March 20, 1951.
Rehearing Denied April 10, 1951.

*229 P. 2d 570.*

Baker Wall and J. Fred Green, Sallisaw, for petitioner.

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, Mont R. Powell and Anthony B. Kane, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. In this case it appears that Samuel M. Gilbreath, referred to herein as petitioner, on the 23rd day of June, 1949, while in the employ of respondent Killoren Electric Company, and while engaged in assisting another employee in unloading a sleeve machine from a jeep, was injured when the other employee dropped his end of the machine which petitioner claims caused a sudden jerk and strain in the small of his back and injury to both kidneys and by reason thereof rendered him permanently and totally disabled.

The trial commissioner found that petitioner on the date and in the manner claimed sustained an injury to his back and as a result thereof he sustained a 10 per cent permanent partial disability to his body as a whole consisting of an aggravation of a pre-existing kidney condition, and entered an award against respondent and its insurance carrier accordingly.

Petitioner appealed from this order to the commission sitting as a whole, and in his amended assignments of error asserted: (1) the trial commissioner erred in fixing his disability at 10

per cent permanent partial disability to the body as a whole for the reason that the evidence discloses that as a result thereof he is permanently and totally disabled; (2) if the finding of the trial commissioner should be sustained by the commission on appeal, the residue of disability in the sum of $11,250, the disability sustained by him as the result of his pre-existing kidney condition, should be awarded against the Special Indemnity Fund.

The award of the trial commissioner was sustained on appeal. The commission, however, in its order made the following reservation:

"That the claimant's right against the Special Indemnity Fund, and his claim against the Special Indemnity Fund, are hereby reserved."

Petitioner in this proceeding seeks to reverse and vacate this order, and in this court has sought to make the Special Indemnity Fund a party respondent to the proceeding.

Petitioner contends that the award of the commission is not supported by any competent evidence and is contrary to law. It is asserted that the evidence shows that as a result of his injury he is permanently totally disabled and should have been awarded compensation accordingly. Petitioner, in substance, testified on June 23, 1949, while in the employ of respondent, he received an injury in the manner claimed which resulted in such disability to his back and kidneys which rendered him permanently totally disabled. Prior to the time he received his present injury he was an able-bodied man doing hard manual labor. Since his injury he has been unable to do any work. Shortly after receiving his injury at the direction of his employer, respondent herein, he called upon the doctor, to whom he was directed, for treatment. After an examination the doctor placed him in a hospital at Muskogee where he was treated by that doctor and his associate physician. Claimant remained in the hospital two weeks and then returned to his home where he remained several days trying to do light chores, when his condition got worse and he again entered the hospital where he remained for another two weeks. He states that he was then informed by the first physician that he had an injury to his kidney, that blood was coming from the kidneys, one of his kidneys was dislocated, and he never again would be a well man.

A third physician testified he first saw and examined petitioner on September 21, 1949. He obtained a history of the case from him and made a thorough examination. He made a chemical and miscroscopic examination of his urine. As a result of the examination he found a trace of albumin, blood, pus and epithelial cells in the urine. This doctor further testified his examination disclosed that petitioner's left kidney was dislocated; he was then totally permanently disabled and never again would be able to do any work, and in his opinion such condition was caused by the injury sustained in June, 1949.

The first physician in behalf of respondent testified he first saw petitioner on June 23, 1949. Upon examination he found his kidneys in bad condition, they were bleeding. He then placed petitioner in a hospital at Muskogee, where with the assistance of his associate physician the claimant was treated. From a history of the case obtained from petitioner and the condition of the kidneys, he was first impressed with the idea that such condition resulted from the injury complained of by petitioner, and so advised him. However, after thorough and more complete examination, including the taking of X ray, he arrived at a different conclusion. The X ray showed no injury to the kidneys or any dislocation thereof. On a thorough and more complete diagnosis he arrived at the conclusion petitioner's condition was due to a disease known as glom-

erular nephritis, otherwise known as a type of Bright's disease. Such disease was contracted by him sometime prior to the injury. A patient may be affected with such disease without knowing it. It may, and frequently does, suddenly develop into an acute stage and rapidly progress to such an extent as to entirely incapacitate the patient. In his opinion the condition of petitioner's kidneys and his present disability were not caused by the injury. While the injury might have slightly and temporarily aggravated the condition, the underlying cause thereof is due to disease of the kidneys rather than to the injury, and although petitioner had never sustained any injury the same result would sooner or later have developed.

This doctor further stated that in his opinion petitioner as the result of the accidental injury sustained some temporary disability because of a strain and injury to his back, but that his kidneys were not injured as a result thereof.

This doctor was corroborated in his testimony in all its essential features by his asociate physician who assisted him in treating petitioner while in the hospital.

While the evidence is conflicting, we think it sufficient to sustain the finding and award of the commission. We have heretofore held that the cause of disability and the extent thereof resulting from an accidental injury are questions of fact for the determination of the State Industrial Commission and its findings on such issues will not be disturbed by this court on review where reasonably supported by competent evidence. Edwards Investment Co. v. Crook, 198 Okla. 489, 180 P. 2d 189; Shell Oil Co. v. Thomas et al., 202 Okla. 190, 211 P. 2d 263.

Counsel for petitioner in his brief suggests that since there is some evidence tending to show that petitioner is now permanently and totally dis-

abled, if this court sustains the award of the commission as against the employer and its insurance carrier, it should order and direct the commission to enter an award against Special Indemnity Fund, under the Special Indemnity Fund Act, for the residue or 90 per cent permanent partial disability to the body as a whole caused by a pre-existing condition or disease of the kidneys. This we may not do.

The Special Indemnity Fund was not made a party to the proceeding before the State Industrial Commission. The evidence furnished no basis for an award against the Fund. Furthermore, petitioner was at liberty if he thought he had a valid claim against the Fund to proceed to enforce the same, as the commission specifically reserved to him that right under the order entered in the case.

Award sustained.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, and HALLEY, JJ., concur.