**BILL PUGH MOTOR CO. et al. v. CLARK et al.**

No. 35483.

Supreme Court of Oklahoma.

July 7, 1953.

Fenton & Fenton, Oklahoma City, for petitioners.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

On the 6th day of July, 1951, Carl Wesley Clark, herein referred to as respondent, filed a claim for compensation with the State Industrial Commission against Bill Pugh Motor Company and its insurance carrier, herein referred to as petitioners, wherein he states that on the 25th day of October, 1950, while in the employ of petitioner motor company and engaged in a hazardous employment he sustained an accidental injury while engaged in pulling backwards a car which was hoisted on a jack when he stepped on a greasy spot on the floor and fell to the concrete floor which caused the rupture of an intervertebral disc resulting in permanent disability to his person.

The trial commissioner in substance found: On the 25th day of October, 1950, respondent while engaged in a hazardous employment subject to and covered by the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back. On April 27, 1951, respondent entered a Veterans' Hospital and on or about May 1, 1951, underwent surgery for the correction and repair of the condition of his back; that by reason of respondent's injury he was temporarily totally disabled from April 27, 1951, less the five day waiting period, to and including November 1, 1951, and is entitled to compensation for 26 weeks and one day at $25 per week or the total sum of $654.17 and upon these findings entered an award awarding respondent compensa-

tion accordingly. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this order. It is stipulated that at the time respondent claimed to have sustained his injury he was in the employ of petitioner motor company and engaged in an employment covered by the Workmen's Compensation Law.

Petitioners seek to vacate the award on the sole ground that there is a total lack of evidence to sustain the findings of the Commission and the award based thereon.

Respondent in substance testified he was in the employ of petitioner motor company on the 25th day of October, 1950, and while engaged in the course of his employment and while engaged in pulling a car backwards which was hoisted on a jack he slipped on a greasy spot on the floor and fell to the concrete floor causing severe injury to his back. Immediately thereafter he requested and was furnished medical care by petitioners. After having been examined and treated by a physician he kept at work upon the advice of the physician and continued to work until February 27, 1951, when he re-injured his back while engaged in lifting a heavy tire. Since that time he has not been able to perform ordinary manual labor. He was thereafter operated on by a surgeon at a Veterans' Hospital and several extended discs were removed.

Dr. Moore testified he first saw and examined respondent on July 5, 1951, and made a written report of his findings and conclusions which report was admitted in evidence by agreement. In the report the doctor states he obtained a history of the case from respondent which history as detailed by him is substantially as testified to by respondent. The doctor stated that from the statements made to him by respondent and his own examination he was not then able to do any work and after testifying in detail as to the physical condition in which he found respondent the doctor further testified that he took an X-ray. The X-ray showed:

"A.P. and Lateral of the Lumbar Spine: There is a marked spondyl-

olisthesis present. The 5th lumbar vertebra and the ones above are forward over ⅜ inch, in relationship to the 1st sacral segment. The spinous processes of the 3d, 4th, and 5th lumbar vertebrae are missing and it is evident that a bone graft has been used over the lower posterior aspect of the spine and lumbosacral joint.

"* * * The symptoms that he had prior to the operation were very typical of those produced by a ruptured intervertebral disc with herniation and pressure on the posterior nerve root. * * * Since only two months have elapsed since the date of the operation, it is too early to determine how much residual permanent disability this individual has sustained as result of the accidental injury on the date noted above."

The record shows that respondent while serving in the Armed Forces of the United States during World War Two sustained an accidental injury resulting in some injury to his hip and back. He made claim for disability payment. The claim was allowed and he was paid benefits at $15 per month based on a ten percent permanent disability. The medical reports which were taken and submitted with the application show no displacement of the vertebrae nor do these medical reports disclose any injury to respondent's discs.

Dr. Moore did not have the benefit of any history of the former accident sustained by respondent at the time he made his examination. Respondent gave him no history of such accident.

Petitioners contend that the doctor's conclusion as to the cause and extent of disability sustained by respondent was in part based on a false, inaccurate and incomplete history of the case and his evidence should therefore be discarded as being without probative value, citing in support thereof Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828; Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633.

Respondent furnished the doctor with a full, complete and accurate statement of all the facts leading up to and causing his present injury. The medical

report submitted with respondent's application for disability payment shows no injury to respondent's discs. Respondent's prior injury under the evidence presented has very little, if any, connection with or bearing upon his present injury. We fail to see how any history of that injury would have been of any material aid to the doctor in arriving at his conclusion as to the cause of respondent's present injury and disability resulting therefrom. Moreover a complete record of all of the proceedings had in connection with respondent's application for disability payments including medical reports were admitted in evidence at the present hearing. The Commission had the full benefit of this record, and doubtless took it into consideration in arriving at its conclusion. The contention of petitioners that the doctor's evidence should be discarded as being without probative value cannot be sustained.

Other physicians testified in the case. None of them however disputed or contradicted the testimony of Dr. Moore that respondent's injury to his discs was caused by the accidental injury sustained on October 25, 1950. They all agreed that respondent was then suffering from injury to his discs but declined to express an opinion as to the cause of such injury. One of these physicians testified that upon his examination he found respondent suffering from an intervertebral ruptured disc. He advised an operation. He thereafter performed the operation and removed several protruding discs and after testifying in full as to the then physical condition of respondent the doctor stated that he would not give a definite opinion as to the cause of respondent's injury; that ruptured discs might occur from many causes independent of trauma; that respondent's injury could have been caused by the accidental injury sustained October 25, 1950 and that that probably was the thing which caused the ruptured discs, or to express it in the doctor's exact words, "It was probably the straw which broke the camel's back."

We conclude the evidence is sufficient to sustain the finding and award of the Commission. We have many times held that the cause and extent of disability resulting from an accidental injury where the evidence is in conflict as to such issue presents a question of fact for the determination of the State Industrial Commission and its findings thereon will not be disturbed on review where reasonably supported by medical evidence. Edwards Investment Co. v. Crook, 198 Okl. 489, 180 P. 2d 189; Griffin Grocery Co. v. Logsdon, 198 Okl. 75, 175 P.2d 307.

Award sustained.